CONTINENTAL OIL & COTTON COMPANY v. E. VAN WINKLE GIN & MACHINE WORKS.

Decided October 22, 1910.

**1.—Right of Action—Chose in Action—Assignment.**

The assignee of a chose in action holds the legal title and may sue thereon though the equitable ownership be in another, but the debtor's defenses against the assignor in such case would be as available against the assignee as against the assignor.

**2.—Trial—Sustaining Exception—Harmless Error.**

An appellant has no cause of complaint against the action of a trial court in sustaining an exception to a part of his pleading when the court afterwards permits him to introduce evidence on the issue raised by said pleading.

**3.—Corporation—Domicile—Right to Sue—Pleading and Proof.**

A corporation chartered under the laws of this State, although it maintained its manufacturing plant in another State, would not be a foreign corporation within the meaning of the laws of this State regulating the right of foreign corporations to do business in this State. Pleading and evidence considered and held insufficient to raise the issue of the right of a plaintiff corporation to sue.

Appeal from the District Court of Dallas County. Tried below before Hon. E. B. Muse.

*Hardwicke & Hardwicke* and *Holloway & Holloway,* for appellant.— The court erred in sustaining the Gaston National Bank's first special

exception to the answer and cross action of this defendant. Pool v. Pickett, 8 Texas, 122; Hamilton v. Jas. A. Cushman Mfg. Co., 39 S. W., 641; Maxfield v. Levy, 4 Dallas, 330 (1 L. Ed., 854) ; Barney v. Baltimore, 73 U. S., 280 (18 L. Ed., 825) ; Hurst v. McNeil, 1 Wash. C. C., 70, Fed. Cas. No. 6936; Lanning v. Lockett, 10 Fed., 451; Watson v. LeGrand, etc., Co. (Ill.), 52 N. E., 318; Starling v. Hawkes, 5 McLean, 318, Fed. Cases No. 13311; Welles v. Newberry, 4 McLean, 226, Fed. Cas. No. 17378; Greenwalt v. Tucker, 10 Fed., 884; Detroit v. Dean, 106 U. S., 537 (27 L. Ed., 300) ; Lehigh, etc., Co. v. Kelly, 160 U. S., 327 (40 L. Ed., 444) ; Townsend v. Smith, 47 Wis., 623, 627; Reno, Nonresidents, secs. 74, 75; Wonderly v. Lafayette Co. (Mo.), 45 L. R. A., 386, 389; Dunlap v. Cody, 31 Iowa, 260; People, ex rel. Maloney v. Gen. Elec. Ry. Co. (Ill.), 50 N. E., 158; Forrest v. Manchester S. & L. Ry. Co., 4 DeGex F. & J., 125; Fooks v. South Western Ry. Co., 1 Sm. & G., 142; Sparhawk v. Union P. Ry. Co., 54 Pa. St., 401, 454; 1 Morawetz, Corp., sec. 260; Clark, Corp., 400; 3 Pom. Eq., sec. 1095, p. 912; Bacon v. Irvine, 70 Cal., 221 (11 Pac., 646) ; 4 Thomp., Corp., 4503.

In a suit by the assignee of a foreign corporation, "having its principal office" in the State, where the petition does not allege that it is authorized to do business in this State nor that the cause of action arose out of a transaction of interstate commerce, an allegation that the assignee has no beneficial interest and is suing for the benefit of the assignor, is a good plea in bar. Taber v. Interstate B. & L. Assn., 91 Texas, 92; Chapman v. Hallwood C. R. Co., 73 S. W., 969; Beale, F. Corp., sec. 247.

*Wendel Spence, Rhodes S. Baker* and *Alex F. Weisburg,* for appellee, Gaston Nat. Bank.—The plaintiff had the right to sue upon the choses in action: Conner v. Sewell, 39 S. W. (Texas), 128; City of Comanche v. Zettlemoyer, 40 S. W. (Texas), 178; First National Bank of Meridian v. Stephens, 47 S. W. (Texas), 832; Davidson v. Jefferson, 76 S. W. (Texas), 765; Burke v. Holmes & Hargis, 80 S. W. (Texas), 564; Rusher v. City of Dallas, 83 Texas, 151; Ledbetter v. Coggeshall, 76 N. E., 78.

*R. E. L. Knight,* for appellees, Gin & Machine Co. and J. W. Taylor.

RAINEY, CHIEF JUSTICE.—We adopt the appellant's statement of the nature and result of the suit.

Suit by the Gaston National Bank of Dallas against the Continental Oil & Cotton Company, the E. Van Winkle Gin & Machine Works and John Williams Taylor on an accepted draft, an open account, and a demand for the conversion of goods, alleged to have been assigned to the plaintiff by the E. Van Winkle Gin & Machine Works and guaranteed by John Williams Taylor. The Continental Oil & Cotton Company is a domestic corporation located at Abilene, Taylor County, Texas. The E. Van Winkle Gin & Machine Works is a corporation having its principal office in the city of Dallas, Dallas County, Texas, and John Williams Taylor is its agent and resides in the city of Dallas.

The Continental Company answered in five paragraphs: (1) a general exception, (2) a general denial, (3) a statement that the alleged assignment and guaranty were shams and that the plaintiff had no interest in the alleged cause of action and was suing for the benefit of the E. Van Winkle Company, and (4 and 5) two causes of action against the Van Winkle Company pleaded as a set-off and cross action. The Van Winkle Company and John Williams Taylor adopted plaintiff's pleadings as their own and prayed judgment over.

The court sustained a special exception to the third paragraph of the answer and directed a verdict for the full amount of the draft and open account and for the full amount of the demand for conversion, less one item valued at $35. Judgment was rendered against all of the defendants, and judgment over in favor of the Van Winkle Company and John Williams Taylor. The Continental Company appeals.

Appellant by assignment attacks the ruling of the court in sustaining the exception of plaintiff to the third paragraph of the defendant's answer, and submits the following proposition: "Where the assignee of a chose in action joins the assignor and its agent as defendants, and rests the venue on the residence, in the county of suit, of the agent who guaranteed payment at the time of the assignment, a good plea in bar is presented by the allegations of a defendant, who resides in another county, that the assignment and guaranty are shams and the suit for the benefit of the assignor."

Defendant's answer, in effect, charged that the assignment and guaranties were without consideration, and made "for the purpose of perpetrating a fraud on the court and thereby conferring jurisdiction over this defendant." Plaintiff's exception was, "for that said allegations show no facts justifying said claim of said defendant; and for that said defendant has no standing to question the sufficiency and regularity of said transfers nor that it is affected thereby, for that defendant has duly entered its appearance in this cause and court; and for that the facts in said pleading of said defendant contained failed to show under said allegations any defense to plaintiff's suit."

Notwithstanding the exception was sustained, the court allowed evidence to be introduced as to the genuineness of the assignment, which evidence was uncontradicted and to the effect that said claims were assigned by written transfers and the E. Van Winkle Gin & Machine Works duly given credit on the books of the bank for said claims.

By virtue of said transfers the bank became the legal holder and owner of said claims. There was no evidence tending to show that assignment of said claims was a sham or made for the purpose of preventing any set-off that defendant might have, or perpetrate a fraud on the court, or that the suit was brought in behalf of the Van Winkle Gin & Machine Works. Therefore, the right of the bank to sue as in this case was duly vested in it.

Our Supreme Court, from its organization, has held that the assignee of a promissory note holds the legal title and may sue, though the equi-

table ownership may be in another. Thompson v. Cartwright, 1 Texas, 87; Fowler v. Willis, 4 Texas, 47; DeCordova v. Atchison, 13 Texas, 372; Rogers v. Bass, 46 Texas, 505-519; Brown v. Chenoworth, 51 Texas, 469; Matlock v. Glover, 63 Texas, 231. This rule is applicable to other choses in action. Of course in a proper case the debtor's defenses would be as available against the assignee as against the assignor.

The court having heard evidence on the answer of defendant, no injury resulted to defendant by the action of the court on the exception, and appellant's assignment of error is overruled. ·

Appellant's fifth assignment of error is that, "The court erred in the second paragraph of its charge in directing a verdict for the Gaston National Bank against this defendant for the amount of the draft sued on, for the amount of the account sued on, and for the value of the property alleged to have been converted, because there was evidence that E. Van Winkle Gin & Machine Works was a foreign corporation and that each of said alleged contracts was made and said alleged tort was committed while said foreign corporation was doing business in this State, and there was neither allegation nor proof that said foreign corporation had filed its articles of incorporation in the office of the Secretary of State, and there was no allegation that either of said causes of action arose out of a transaction of interstate commerce."

Under this assignment is submitted the following proposition: "The nominal assignee of a foreign corporation doing business in this State, suing for the use of such foreign corporation, must allege and prove that it is authorized to do business in this State or that the cause of action arose out of interstate commerce, and, in the absence of allegation to support it, evidence tending to connect the cause of action with the transaction of interstate commerce avails nothing.".

There is no allegation in plaintiff's petition that the E. Van Winkle Gin & Machine Works is a foreign corporation. It alleges that said company has its principal office in the city of Dallas. The Oil & Cotton Company did not plead that it was a foreign corporation or make any allusion thereto. Taylor, its sales agent, testified that "the company is in Atlanta, Georgia. It is a chartered corporation." This is all the evidence on the question. It is nowhere alleged or shown where it was chartered, whether in Texas or some other State. The company may have its plant in Atlanta, Georgia, manufacture there its products and still be operating under a charter from the State of Texas. If so, it would not be a foreign corporation, and subject to the laws of this State regulating the prerequisites for foreign corporations to do business in this State.

It is settled that the State has the right to prescribe conditions to be complied with before a foreign corporation can do business in this State. Taber v. Interstate B. & L. Assn., 91 Texas, 92. The law requires a foreign corporation to file its articles of incorporation with the Secretary of State for the purpose of doing business within its limits, and in order

to maintain an action it must allege and prove its compliance with such conditions to entitle it to recover.

In this case it is not shown that the E. Van Winkle Gin & Machine Works was a foreign corporation, nor was that issue raised in the court below. We are of the opinion that under the facts of this case the appellee is not in a position to raise the point for the first time in this court.

We have considered all of the assignments presented, though some of them are not discussed in this opinion, and we do not think any of them require a reversal of the judgment. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.