## LEVINSON v. MONTROSE OIL CO., Inc.
### (No. 6753.)

(Court of Civil Appeals of Texas. San Antonio. May 3, 1922.)

**1. Pleading ⬤�longrightarrow378—General denial puts plaintiff upon proof of every material allegation in petition.**

Denial of "each and every allegation and every paragraph in said petition contained" *held* to put plaintiff upon proof of every material allegation in the petition.

**2. Corporations ⬤⟶672(7)—Plaintiff alleging it is a foreign corporation with permit to do business within state required to prove such permit.**

In action for price of oils and gasoline sold by plaintiff to defendant from plaintiff's place of business within the state, the plaintiff, having alleged that it was a foreign corporation with a permit to do business within the state, must prove that it had obtained such permit as required by Rev. St. arts. 1315, 1318.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by the Montrose Oil Company, Inc., against Harry H. Levinson and another. Judgment for plaintiff, and named defendant appeals. Reversed and remanded.

Massingill & Belew, of Fort Worth, for appellant.

E. H. Ratcliff, of Fort Worth, for appellee.

FLY, C. J. Appellee brought this action against a partnership composed of Henry Levinson and L. L. Quinn, doing business under the firm name of Q. & L. Company, to recover the sum of $866.68, alleged to be due

for oils and gasoline. It is alleged in the petition that an itemized account marked Exhibit A was attached to and made a part of the petition, but, if it was so attached, it must have been detached, as it is not made a part of the transcript. However, no one objects and everything is serene in connection therewith. The account was made, according to the allegations, during the months of 1920, from May to September, and both Quinn and Levinson alleged that the partnership was dissolved on June 25, 1920, and all indebtedness to appellee had been paid off and discharged. No jury being demanded, the cause was heard by the court, and judgment rendered in favor of appellee as against the company, Levinson, and Quinn for the sum of $866.68, but it was further decreed, although the judgment recited that all of the appellants were jointly and severally liable for the full amount, that Quinn was to pay only $409.98 of the full sum. Only Harry H. Levinson filed an appeal bond, and is complaining of the judgment.

[1] Appellant's only ground of complaint is that appellee, although alleging that it was a foreign corporation with a permit to do business in the state of Texas, had failed to prove that it had such permit. In the answer it was pleaded that appellant "denies in toto each and every allegation and every paragraph in said petition contained," which was sufficient to put appellee upon proof of every material allegation in the petition. Rexall Drug Co. v. Butler (Tex. Civ. App.) 185 S. W. 989. The allegations of the petition show that appellee was not engaged in interstate business, but, on the other hand, that it "owns and operates an oil refinery in the county of Tarrant, state aforesaid, and as a part of its business sells gasoline, kerosene, and other petroleum products within the said Tarrant county, Tex." It also alleged that the partnership was located in Tarrant county, and did its business there, which was buying gasoline and other petroleum products. It also alleged that appellee "is a corporation duly and legally incorporated under the laws of the state of Louisiana, with a permit to do business in the state of Texas." No proof was made of a permit to do business in Texas.

[2] Article 1318, Revised Statutes, provides that—

No foreign corporation "can maintain any suit or action, either legal or equitable, in any of the courts of this state upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter in the office of the secretary of state for the purpose of procuring its permit."

Article 1315 prescribes the conditions demanded in order to obtain a permit. The record fails to disclose that appellee complied with any of those conditions or obtained a permit to do business in Texas, although admittedly a Louisiana corporation, and all of the facts and circumstances, as well as the pleadings of appellee, point to the fact that the gasoline and oil was sold from the place of business of appellee in Fort Worth. The "gasoline which was sold to defendants might have been shipped from Louisiana or any other state in the American Union," as stated by appellee, but it was not so sold, but was sold in Fort Worth from a Fort Worth refinery run by appellees, to citizens of Fort Worth. It may have been unnecessary for appellee to allege that it was a foreign corporation, and that it had a permit to do business in Texas, but it did so, and it was then necessary to prove those allegations in order to recover.

In the case of Taber v. Lumber Co., 91 Tex. 92, 40 S. W. 954, it was alleged:

"That plaintiff is a private corporation duly incorporated and doing business under the laws of the state of Georgia, with its principal office and place of business in Columbus, Ga., * * * and that at the times hereinafter mentioned it had a permit to do business provided by its charter under the laws of the state of Texas."

A general denial, not under oath, was filed. There was no proof of a permit to do business in Texas. The matter went to the Supreme Court under a certified question, and that court answered:

"To the question propounded, we answer that it was necessary for the corporation (plaintiff below) to prove that it had a permit to do business in Texas at the time that the contract was made, in order that the court might enter judgment in its favor."

After discussing the statutes applying to foreign corporations doing business in Texas under permits, the court said:

"It being a condition precedent, the fact must be both alleged and proved, to entitle the corporation to judgment in such case."

The Taber Case was followed in Pierce Oil Corporation v. Weinert, 106 Tex. 435, 167 S. W. 808. The decision has never been questioned, and has been followed many times by Courts of Civil Appeals. The allegations in the present case are very similar to those in the Taber Case.

The judgment is reversed, and the cause remanded.