**VIKING REFRIGERATORS, Inc., v. FISCHL. (No. 317.)\***

Court of Civil Appeals of Texas. Eastland. June 3, 1927.

Rehearing Denied July 8, 1927.

Writ of Error Dismissed for Want of Jurisdiction Nov. 16, 1927.

1. **Appeal and error** ☞719(1)—**Only errors fundamental or apparent on face of record will be considered in absence of assignments of error (rule 28 for Courts of Civil Appeals).**

Where there are no assignments of error filed in lower court, and none brought up in record, no errors will be considered except those that are fundamental or apparent on face of record, under rule 28 for Courts of Civil Appeals.

2. **Corporations** ☞661(6)—**Foreign corporation doing business within state without permit cannot use state court to enforce obligations arising from such transactions (Rev. St. 1925, arts. 1529, 1530, 1536).**

Foreign corporation, doing and transacting business within state without permit, has no right to use state court as forum in which to enforce obligations arising out of such transactions, under Rev. St. 1925, arts. 1529, 1530, 1536.

Appeal from District Court, Dallas County; Towne Young, Judge.

Action by the Viking Refrigerators, Inc., against Joe Fischl. Plaintiff's cause of action was dismissed, and it appeals. Affirmed.

McGown, McGown & Anderson, of Fort Worth, and Gresham, Willis & Freeman, of Dallas, for appellant.

Winfrey & Lane, of Dallas, for appellee.

LESLIE, J. [1] There are no assignments of error in the appellant's brief, and consequently the purported propositions of law advanced have no basis upon which to rest. Rule 28 for the Courts of Civil Appeals is:

"There will be no assignments of error allowed in the appellate court where none have been filed in the lower court, unless by consent of parties."

This rule has in no respect been complied with, but it is mandatory. For authority, see Harris Rules of the Courts, annotated, p. 75, rule 28, supra, and the citations thereunder.

Where there are no assignments of error filed in the lower court and none brought up in the record, no errors will be considered but such as are fundamental or apparent upon the face of the record. Unless error appears in one of these ways, this court has no power to review and revise the action of the trial court. The record in this case has been carefully scrutinized to ascertain if any error appears upon its face, but, finding none, it becomes the duty of this court to affirm the judgment of the trial court. W. T. Waggoner Estate v. Sigler Oil Co. (Tex. Com. App.) 284 S. W. 921.

[2] We will state, however, that we have examined the record in this case, and we believe that the testimony sufficiently establishes the fact that appellant was a foreign corporation, doing and transacting business in this state without a permit so to do. In such case it had no right to use the Texas court as a forum in which to enforce the obligations arising out of such transactions and the trial court correctly dismissed appellant's cause of action. R. S. arts. 1529, 1530, and 1536; Pierce Oil Corporation v. Weinert, 106 Tex. 435, 167 S. W. 808; Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 888; Continental Oil & Cotton Co. v. E. Van Winkle Gin & Machine Works, 62 Tex. Civ. App. 422, 131 S. W. 415; North American Service Co. v. A. T. Vick & Co. (Tex. Com. App.) 243 S. W. 549.

For the reason first above assigned, the judgment of the trial court is hereby affirmed.

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction November 16, 1927.