Kork KELLEY, d/b/a Korkele Production Engineering Company, Appellant,

v.

BLUFF CREEK OIL COMPANY et al., Appellees.

No. 15759.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 14, 1956.

On Motion for Rehearing Jan. 18, 1957.

Further Rehearing Denied Feb. 8, 1957.

W. E. Fitzgerald, of Wichita Falls, for appellant.

Donald & Donald, and J. M. Donald, of Bowie, for appellees.

BOYD, Justice.

Kork Kelley, doing business as Korkele Production Engineering Company, appeals from a judgment sustaining pleas in abatement filed by appellees Bluff Creek Oil Company and Commercial Standard Insurance Company, and dismissing his suit against appellees and other defendants.

Appellant sued appellees and several other defendants, alleging that the defendants other than Commercial Standard Insurance Company were indebted to him in the sum of $2,535 for labor performed upon, and materials furnished for, wells upon certain oil leasehold estates in Montague County, which wells and leaseholds he alleged were owned by such defendants, and that he had fixed a mechanic's and materialman's lien on the property. In count one of his petition, appellant sought to recover from appellees on a "Release of Lien Bond" or indemnity bond executed by Bluff Creek Oil Company as principal and Commercial Standard Insurance Company as surety, under provisions of Article 5472c, Vernon's

Ann.Civ.St. In count two, appellant sought recovery on his account against all defendants other than Commercial Standard Insurance Company.

Appellant alleged that the labor was performed and the materials furnished during the months of August, September, and October, 1950. Appellant filed for record a mechanic's and materialman's lien on January 5, 1951. The indemnity bond was executed on May 3, 1951, and on June 12, 1951, appellant was served with notice of the filing of such bond. Appellant's original petition was filed on April 24, 1952, and his amended petition was filed on June 2, 1952. Commercial Standard Insurance Company filed a plea in abatement on May 20, 1952. On May 11, 1954, Bluff Creek Oil Company filed two pleas in abatement, one apparently directed to the original petition, and the other directed "to the cause of action filed herein on June 2, 1952."

In its plea in abatement, Commercial Standard Insurance Company alleged that the purported lien was not filed within the time provided in Article 5476; that it was attempted to be fixed against three separate leasehold estates; that the labor and materials mentioned therein were not of such character the furnishing of which would authorize the fixing of a lien under Article 5473 or any other statute; that the materials were not used in such manner as to come within the provisions of Article 5473; that "such purported lien was attempted to be fixed by filing a purported lien, not properly described or due, as of January 5, A.D.1951, for claimed material and labor performed during August, September, and October, without stated dates, and, therefore, not filed in time to become a lien," and that appellant had sold and transferred his claim to another.

In one of its pleas in abatement, Bluff Creek Oil Company alleged that (1) suit was not filed to foreclose the lien within six months after January 5, 1951; (2) there was a misjoinder of causes of action under Article 5472c, Sec. 4; (3) the suit is for recovery against three separate leaseholds for one account, without any showing that any labor or material was furnished to all of them; (4) no dates were given, and no items furnished, as required by law; (5) suit was not filed within six months as required by Article 5486; and (6) suit for foreclosure was not brought as required by Article 5472c. In the plea in abatement directed to the amended petition, Bluff Creek Oil Company alleged that appellant had assigned all his right, title and interest in and to said claim and account; had no interest in same at the time the suit was filed; and no suit having been filed when Kork Kelley owned the purported claim within six months after attempting to fix a lien as provided by Article 5486, or within thirty days after service of notice of the filing of the bond on June 12, 1951, as required by Article 5472c, this suit should abate.

On a hearing of the pleas in abatement on March 16, 1956, the following was shown: On March 29, 1951, appellant executed and delivered to Wichita National Bank an instrument reciting that "I hereby assign transfer and set over to the said Wichita National Bank of Wichita Falls the account annexed hereto against Bluff Creek Oil Corporation of Oklahoma City, Oklahoma, and all my right, title and interest in and to the same, with full power and authority to collect and receipt therefor," and the assignment was filed for record in the office of the County Clerk of Montague County and recorded on May 19, 1951; on May 18, 1951, the Bank notified Bluff Creek Oil Company in writing that the account had been assigned to it, and instructed Bluff Creek Oil Company to forward payment to the Bank; when appellant delivered the assignment to the Bank, the Bank gave him a letter written on the stationery of W. E. Fitzgerald, an attorney, which was as follows:

"Korkeie Production Engineering Company,
"P O Box 805,
"Wichita Falls, Texas.

"Gentlemen:

"This is to' advise that you have assigned to this Bank 'your account against Bluff Creek Oil Corporation for the purpose of collecting the same, and retaining out of said amount the sum of $385.00, the balance of said account to be paid to you.
"Yours very truly,

"Wichita National Bank of Wichita Falls, Texas
"By ——————————,"

On July 2, 1953, the Bank reassigned the account to appellant, which reassignment was filed for record on February 13, 1954, and recorded on February 15, 1954. Appellant testified that prior to the execution of the reassignment by the Bank, he had paid his debt to the Bank. Appellant testified that he thought he owed the Bank about. $1,900 at the time he executed the assignment.

The court found that appellant was not the owner of the account when suit was filed or when his amended petition was filed, "and that no amended pleadings have been filed to support any claim of Plaintiff herein;" and held that no right was shown in appellant to maintain the suit after he had assigned the account, or after it was reassigned to him; and it was ordered that the pleas in abatement be sustained, the suit dismissed, and all defendants discharged with their costs.

Appellant seeks reversal upon two points of error, namely, "The error of the Court in sustaining the Pleas in Abatement," and "The error of the Court in dismissing the suit."

■ In so far as the judgment sustaining the pleas in abatement is concerned, it is unnecessary for us to determine whether the filing of the account was effectual to fix the lien contemplated by the statutes, for it is our view that appellant, having theretofore parted with title to the account, could not maintain a suit on the bond at the time his original petition was filed, nor at the time his amended petition was filed, nor at any time thereafter, at least until he reacquired title to the account. And after title was reassigned to appellant, it was too late to maintain suit on the bond.

■ It seems to be the universal rule that to entitle a person to sue, it must be shown that he has an interest in the subject matter of the litigation. Amsler v. D. S. Cage & Co., Tex.Civ.App., 247 S.W. 669. In Continental Oil & Cotton Co. v. E. Van Winkle Gin & Machine Works, 62 Tex.Civ.App. 422, 131 S.W. 415, 416, writ refused, it was said: "Our Supreme Court, from its organization, has held that the assignee of a promissory note holds the legal title and may sue, though the equitable ownership may be in another. [Cases cited.] This rule is applicable to other choses in action." In East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287, it was held that the assignment of a policy of insurance, after a loss, passed the legal title, and clothed the assignee with the sole power to sue upon it. The court cited "Wetmore v. City of San Francisco, 44 Cal. 294, 300; Perry v. Merchants' Insurance Co., 25 Ala. 355, 360; Carter v. Humboldt Fire Insurance Co., 12 Iowa 287, 292; Archer v. Merchants' & Manufacturers' Insurance Co., 43 Mo. 434, 442; New York Life Insurance Co. v. Flack, 3 Md. 341; and Carpenter v. Miles, 17 B.Mon., Ky., 598, 601." The court went on to say that the fact that the claim for insurance had been assigned afforded a defense to the action brought by the insured. In 67 C.J.S., Parties, § 6, sub. b, p. 901, it is said that a suit on a chose in action must be brought in the name of the holder of the legal title, and that the evidence must affirmatively show that the plaintiff had the legal title to the chose in action when he filed the suit.

Appellant insists that the uncontradicted evidence shows that he assigned the account to the Bank as collateral security for a debt, and that the legal title to the claim and the lien securing it remained in appellant, the assignee having only an equitable interest in the claim and lien. The assignment transferred all of appellant's "right, title and interest" in the claim, "with full power and authority to collect and receipt therefor." In East Texas Fire Ins. Co. v. Coffee, supra, it was held that even though the assignment of an insurance policy, after loss, was made as collateral security for a debt, nevertheless the assignee had the sole power to sue.

The reassignment of the claim to appellant was made on July 2, 1953. Article 5472c provides that no action shall be brought upon an indemnity bond such as was executed in this case, after one year from the date of the service of notice on the lienholder of the filing of the bond. Such notice was served on appellant on June 12, 1951, and it is our opinion that before a recovery might be had on the bond, suit must have been brought by the owner of the claim not later than June 12, 1952.

We are inclined to believe, however, that the court was not warranted in dismissing the suit. We think the pleas in abatement related only to the suit against appellees on the bond, and not to the suit on the account against all the defendants other than Commercial Standard Insurance Company. We find in the record nothing to show that any defendant asked dismissal of the suit in so far as it sought recovery on the account.

We are not unmindful of the statement in 67 C.J.S., Parties, § 6, sub. b, p. 901, that "It is axiomatic that a plaintiff in a court of law, in order to maintain his suit should have the legal title to the chose in action at the time he institutes his suit," and that in some of the cases cited in the note to the text it was held that the acquisition of title to the chose in action after suit was filed would not prevent a judgment for the defendant. In the case at bar, nothing was heard but the pleas in abatement, and, as we have said, they related only to that portion of the suit involving an attempt to recover on the bond.

That part of the judgment sustaining the pleas in abatement filed by appellees is affirmed; that part of the judgment dismissing the cause against the defendants other than Commercial Standard Insurance Company is reversed and remanded.

Affirmed in part and, in part, reversed and remanded. Costs are adjudged against appellee Bluff Creek Oil Company.

On Motion for Rehearing

Appellant and appellee Bluff Creek Oil Company have filed motions for rehearing. We have carefully considered them but feel that they must be overruled, with the exception of Bluff Creek Oil Company's contention that we improperly adjudged all costs against it, which is sustained.

Accordingly, appellant's motion for rehearing is overruled; appellee Bluff Creek Oil Company's motion for rehearing is in part overruled, and in part granted; our original judgment with reference to costs is withdrawn; and the costs of the appeal are here adjudged one-half against appellant and one-half against appellee Bluff Creek Oil Company.