Robert F. SCHULTZ et al., Appellants,

v.

AETNA BUSINESS CREDIT, INC., Appellee.

No. 15584.

Court of Civil Appeals of Texas, San Antonio.

July 28, 1976.

sum of $54,938.19, representing principal and interest on a note executed by appellants.

The suit was originally filed by appellants against appellee, Aetna Business Credit, Inc., and others, seeking damages for fraud allegedly committed by others in connection with appellants' purchase of certain equipment to be used in the installation of a "laundrymat" facility. Pleas of privilege filed by all parties other than appellee were granted. Appellee filed a cross-action seeking recovery on a promissory note executed by appellants and payable to Elmco, Inc., one of the other parties to the original suit. Appellee alleged that it was the holder and owner of such note as assignee of Elmco.[1]

Appellants first assail the judgment below on the ground that the summary judgment record fails to establish as a matter of law that the note in question was assigned by the payee to appellee.

In support of its motion for summary judgment appellee filed the affidavit of Ben E. Engstrand, appellee's divisional vice president. The affidavit recited that on December 6, 1973, Elmco, "through its proper representatives," assigned, endorsed, and delivered the note in question to appellee. The affidavit states that appellee "is still the lawful and legal owner and holder" of the note.

Appellants assert that the statement in the affidavit to the effect that, the original payee, through its proper representatives, assigned the note to appellee, is part hearsay and part a legal conclusion on the part of the affiant and, therefore, is insufficient to establish appellee's right to recover on the note.

Frank Y. Hill, Jr., Boerne, for appellants.

Stephen Lang, Mark J. Cannan, Lang, Cross, Ladon, Boldrick & Green, San Antonio, for appellee.

CADENA, Justice.

Appellants, Robert F. Schultz and John W. Kenney, complain of the rendition of a summary judgment against them in the

Paragraph (i) of Rule 93, Tex.R.Civ.P., provides that in the absence of a sworn denial of "the genuineness of the indorsement or assignment of a written instrument upon which suit is brought by an indorsee or assignee . . ., the indorsement or assignment thereof shall be held as fully proved." Here appellee alleged that the

1. The appellee's counterclaim was severed from the appellant's claim.

note in question was "assigned, indorsed and delivered" by the payee to appellee. Since appellants failed to question under oath the validity of the alleged endorsement and assignment, appellee was not required to submit proof thereof.

Appellant next argues that, assuming a valid assignment, the language of the instrument of assignment does not give appellee the right to sue appellants on the note.

According to the instrument, Elmco transferred to appellee:

[A]ll of its rights, title and interests (a) in and to the within instrument and any accompanying promissory note or notes, and all rights and remedies thereunder, including the right to collect installments due thereon, and the right either in Assignee's own name or in Assignor's name to take such legal proceedings or otherwise as . . . [assignor] might have taken save for this assignment, (b) *against all other parties, other than the Buyer named in said instrument, obligated for the indebtedness* set forth thereon, whether so obligated by said instrument, said note or notes or otherwise, and (c) in and to the property described in said instrument. Assignor guarantees the full performance of the within instrument and prompt payment of all sums due thereunder together with all expenses of collection as specified therein without first requiring Assignee to proceed against Buyer or any other person or security. (Emphasis added.)[2]

Appellants, by directing our attention solely to the language italicized in the above quotation from the assignment instrument, argue that the assignment vested in appellee no right to sue appellants on the note, since it speaks in terms of parties other than the Buyer. Such an interpretation is justified only if the remainder of the language is deliberately ignored. The assignee is given the right to collect installments and to take all proceedings as might have been taken by assignor. Assignor

guarantees payment without insisting that appellee "first . . . proceed against Buyer." The only reasonable interpretation which gives effect to all of the language is that which construes the entire assignment clause as transferring to appellee all of Elmco's right against appellants as well as against all other persons obligated for the indebtedness, whether the obligation of such other persons is evidenced by the note or not.

The judgment of the trial court is affirmed.

2. The "note" is found in what is characterized as a "security agreement" in which appellants, as Buyers, agreed to pay the specified sum to Elmco.