IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00341-CV

 

Peggy Blakely,

                                                                                    Appellant

 v.

 

Mortgage Electronic Registration 

Systems, Chase Manhattan Mortgage 

Corporation, Stephen J. Rotella, 

Barrett Burke Wilson Castle Daffin & 

Frappier, LLP and Jack O'Boyle,

                                                                                    Appellees

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 78427

 



MEMORANDUM  Opinion










 

            Peggy Blakely appeals from two orders
granting summary judgments in favor of Mortgage Electronic Registration Systems
and Chase Home Finance LLC (formerly Chase Manhattan Mortgage Corporation), (MERS),
and Barrett Daffin Frappier Turner & Engle, LLP (formerly Barrett Burke
Wilson Castle Daffin & Frappier, LLP), (Barrett).  Because Blakely is not
entitled to the remedy of a bill of review, the trial court’s orders are
affirmed.

Background

            Blakely brought an action in 2007 for
wrongful foreclosure.  Summary judgment was granted in favor of the defendants
to that suit and an order was signed on March 27, 2008.  Blakely did not appear at the summary judgment hearing.  A document, which includes a cover letter and
an affidavit and appears on its face to be from Blakely, was filed with the
Ellis County District Clerk on April 15, 2008.  In the affidavit, Blakely, acting as her own attorney, requested and demanded the district clerk to
“rescind, null, and void” the March 27 judgment.  No action was taken on the
demand.  No other documents were filed challenging the summary judgment until
April of 2009 when Blakely filed a separate petition for a bill of review, the
subject of this appeal.  MERS and Barrett filed separate motions for summary
judgment.  In those motions, both argued that Blakely was not entitled to a
bill of review because Blakely previously had a remedy by appeal from the 2008
judgment.  MERS’s and Barrett’s motions for summary judgment were granted. 
Blakely timely filed a notice of appeal.

Bill of Review

            We begin by addressing Blakely’s third
issue.  In that issue, Blakely queries whether the trial court abused its
discretion by granting summary judgment when Blakely had filed a document which
should have been considered as a motion for new trial or a notice of appeal. 
MERS and Barrett respond that summary judgment was proper because Blakely was
not entitled to relief by a bill of review.

            A bill of review is an equitable
action brought by a party to a previous suit seeking to set aside a judgment
which is no longer appealable or subject to a motion for new trial.  See
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  A bill of
review is proper where a party has exercised due diligence to prosecute all
adequate legal remedies against a former judgment and, at the time the bill of
review is filed, there remains no adequate legal remedy available through no
fault of the proponent.  Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979).  One with an available appeal who fails to pursue that remedy is not entitled
to seek relief by way of a bill of review.  Rizk v. Mayad, 603 S.W.2d
773, 775 (Tex. 1980); French v. Brown, 424 S.W.2d 893 (Tex. 1967).

            Blakely had a remedy by appeal and
failed to pursue it.  The order granting the motion for summary judgment was
signed on March 27, 2008.  The record shows that Blakely knew about the order
by at least April 11, 2008 because a document signed by Blakely and dated the
same date was filed by the district clerk on April 15, 2008.  The document was filed well within the timeframe to file a motion for new trial or a notice of
appeal.  Tex. R. Civ. P. 329b(a);
Tex. R. App. P. 26.1.  In
response to MERS’s and Barrett’s motions for summary judgment, Blakely
contended that the April 11 document was a motion for new trial.  If that
document was intended to be a motion for new trial, a determination we do not
make, it was overruled by operation of law on June 10, 2008.  Had Blakely believed that she filed a motion for new trial, she could have then filed a notice
of appeal by June 25, 2008.  Tex. R.
App. P. 26.1(a).  She did not.  

            This set of facts is very similar to
the facts of French v. Brown, 424 S.W.2d 893 (Tex. 1967).  In French,
a summary judgment was granted against Brown.  Although neither Brown nor his
attorney were present at the hearing, Brown received notice of the order and
timely filed a motion for new trial.  The motion was overruled by operation of
law, but Brown did not pursue an appeal.  Brown then filed a bill of review
which was denied.  On review, the Texas Supreme Court determined that because
Brown did not appeal within the proper timeframe after he filed a motion for
new trial, a bill of review of the order granting summary judgment was not an
available remedy.  Id. at 895.

            On appeal, Blakely also argues that
the April 11 document was a notice of appeal.  This argument was not made to
the trial court in response to MERS’s and Barrett’s motions for summary
judgment.  Therefore, it is not preserved for our review.  Tex. R. App. P. 33.1; Tex. R. Civ. P. 166a(c); State Bd.
of Ins. v. Westland Film Industries, 705 S.W.2d 695, 696 (Tex. 1986).

            Because Blakely did not timely pursue
an appeal, she is not entitled to relief through a bill of review. 
Accordingly, the trial court did not abuse its discretion in granting both
motions for summary judgment.  Blakely’s third issue is overruled.

Conclusion

            Having determined that Blakely is not
entitled to relief through a bill of review, we need not discuss Blakely’s
remaining issues.  See French v. Brown, 424 S.W.2d 893, 895 (Tex. 1967).  The trial court’s orders are affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed June 23, 2010

[CV06]






it is only the party whose primary legal
right has been breached that may seek redress for that injury.  Eaves,
301 S.W.3d at 404.  Without a breach of a legal right belonging to that party,
that party has no standing to litigate.  Id. (citing Cadle Co. v.
Lobingier, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet.
denied)).  Unifund CCR Partners’s right is solely limited to taking whatever
steps are necessary to collect a debt owned entirely by someone else, while
holding no title, interest, or rights in anything else.  We do not find that
this is sufficient to establish that Unifund CCR Partners has standing to
pursue this claim in its own name.  

Cases that have found standing to exist
all indicate that a finding of ownership of some type was made.  Even the cases
cited to by Unifund CCR Partners demonstrate that some ownership interest was
transferred by the assignor to the assignee.  See Sprint Communications Co.,
L.P. v. APCC Services, Inc., ___ U.S. ___, 128 S. Ct. 2531, 2541-43, 171 L.
Ed. 2d 424 (2008) (assignee with legal title to debt of a legal claim for money
owed has standing to pursue the claim even if proceeds are to be entirely
remitted to assignor); see also Eaves, 301 S.W.3d 403-04 (pleadings and
live testimony sufficiently demonstrated that Unifund owned the account in
question to establish standing); Cartwright v. MBank Corpus Christi, N.A.,
865 S.W.2d 546, 549-50 (Tex. App.—Corpus Christi 1993, writ denied) (note
transferred to MBank making MBank the holder of the note); Schultz v. Aetna
Business Credit, Inc., 540 S.W.2d 530, 531 (Tex. Civ. App.—San Antonio
1976, no writ) (assignor transferred “all of its rights, title and interests”
in the relevant instrument, any accompanying promissory note or notes, and all
rights and remedies under said instrument or notes); Kelley v. Bluff Creek
Oil Co., 298 S.W.2d 263, 267 (Tex. Civ. App.—Fort Worth 1956) (assignment
transferred all “right, title and interest” in a claim, “with full power and
authority to collect and receipt therefore”), aff’d in part, and rev’d in
part on other grounds, 158 Tex. 180, 309 S.W.2d 208 (1958).

We find that without evidence of any
ownership interest or title in the account that Unifund CCR Partners does not
have standing to bring this suit and that the trial court did not have subject
matter jurisdiction over the action.  We sustain issue one.  

Conclusion

            We conclude that Unifund CCR
Partners did not have standing to file suit against Shipley.  Therefore,
because the trial court lacked subject matter jurisdiction, we reverse the
judgment of the trial court and render judgment dismissing the case.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Reversed
and rendered by dismissal

Opinion
on Rehearing delivered and filed October 13, 2010

[CV06]