IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00314-CV

 

Robert D. Shipley,

                                                                                    Appellant

 v.

 

Unifund CCR Partners,

                                                                                    Appellee

 

 



From the 87th District
Court

Freestone County, Texas

Trial Court No. 08-294-A

 



Opinion ON REHEARING










 

            Robert Shipley appeals from the
entry of a judgment against him for a debt on a credit card account.  Shipley
complains that the trial court erred by not dismissing the suit against him
because Unifund CCR Partners lacked standing to bring the suit because the
court lacked subject matter jurisdiction in that Unifund CCR Partners did not
own the debt and therefore did not have standing to bring the action.  Shipley
also complains that the evidence was legally insufficient for the trial court
to have granted a judgment against him and in favor of Unifund CCR Partners
because there was no evidence that Shipley’s debt had been assigned to Unifund
CCR Partners.  

On original submission, this Court
affirmed the judgment.  See Shipley v. Unifund CCR Partners, No.
10-09-00314-CV, 2010 Tex. App. LEXIS 4544 (Tex. App.—Waco June 16, 2010).  Upon
Shipley’s timely motion for rehearing, we requested a response from Unifund CCR
Partners, although Unifund has not done so.  As authorized by Rule of Appellate
Procedure 49.3, we issue this modified opinion after requesting the response.  Tex. R. App. P. 49.3.  On
reconsideration of the issues presented, we will reverse the judgment, dismiss
this cause for lack of jurisdiction, and withdraw our prior opinion and
judgment.  Id.

Standing

Shipley contends that Unifund CCR
Partners did not own any interest in the account in question, and therefore,
they lacked standing to bring the suit against him.  Citibank South Dakota,
N.A. sold the account to Unifund Portfolio A., LLC.  Unifund Portfolio A, LLC
then assigned its rights to collect the account to Unifund CCR Partners, but
retained the title and ownership of the account.  In his brief to this Court,
Shipley does not complain about the sale of the account from Citibank to
Unifund Portfolio A, but of the assignment from Unifund Portfolio A to Unifund
CCR Partners.   

Standing, a necessary component of
subject-matter jurisdiction, is a constitutional prerequisite to maintaining a
suit under Texas law.  Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 444-45 (Tex. 1993).  Whether a party has standing to pursue a
claim is a question of law that we review de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

Standing refers
to a party’s justiciable interest in a controversy.  See Nootsie, Ltd. v.
Williamson County Appraisal Dist., 925 S.W.2d 659, 661-62 (Tex. 1996); Town of Fairview v. Lawler, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008,
no pet.).  Only the party whose primary legal right has been breached may seek
redress for an injury.  Nauslar v. Coors Brewing Co., 170 S.W.3d 242,
249 (Tex. App.—Dallas 2005, no pet.).  Without a breach of a legal right
belonging to that party, that party has no standing to litigate.  Cadle Co.
v. Lobingier, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet.
denied).  In reviewing standing on appeal, we construe the petition in favor of
the plaintiff, and if necessary, review the entire record to determine if any
evidence supports standing.  See Tex. Air Control, 852
S.W.2d at 446.

An “assignment” is simply a transfer of
some right or interest.  See Pagosa Oil & Gas, L.L.C. v. Marrs &
Smith P'ship, No. 08-07-00090-CV, 2010 Tex. App. LEXIS 938 at *10 (Tex.
App.—El Paso Feb. 10, 2010, no pet. h.) (citing University of Texas Med.
Branch at Galveston v. Allan, 777 S.W.2d 450, 452 (Tex. App.—Houston [14th
Dist.] 1989, no writ).  When an assignee holds a contractually valid
assignment, that assignee steps into the shoes of the assignor and is
considered under the law to have suffered the same injury as the assignors and
have the same ability to pursue the claims.  Southwestern Bell Tel. Co. v.
Mktg. on Hold Inc., 53 Tex. Sup. Ct. J. 322, 2010 Tex. LEXIS 159 (Tex. 2010) (citing Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 572 (Tex. 2001). 

Pleadings and Evidence in the Record 

“It has long been the rule that a plaintiff’s good faith allegations are used to determine the
trial court’s jurisdiction.”  Eaves v. Unifund CCR Partners, 301 S.W.3d
402, 404 (Tex. App.—El Paso 2009, no pet.) (citing Brannon v. Pac. Employers
Ins. Co., 148 Tex. 289, 224 S.W.2d 466, 469 (Tex. 1949)).  A court may
presume the truth of allegations made in a party’s pleadings when determining
standing.  Id. (citing Tex. Ass’n of Bus., 852 S.W.2d at 446; Brown
v. Todd, 53 S.W.3d 297, 305 n.3 (Tex. 2001) (“Because standing is a
component of subject matter jurisdiction, we consider [it] as we would a plea
to the jurisdiction, construing the pleadings in favor of the plaintiff.”)). 
“A court is not required to look solely to the pleadings but may consider
evidence and must do so when necessary to resolve the jurisdictional issues
raised.”  State Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  However, the petition’s sole reference to Unifund CCR Partners’s ownership or
standing to litigate is the statement that “Plaintiff is authorized to file
this petition.”  We do not find that this constitutes any evidence of standing.

The case was solely decided based on
business records filed by Unifund CCR Partners.  The evidence presented in the
business records affidavit is likewise unclear as to what interest beyond the
right of collection that Unifund CCR Partners owns.  Additionally, the trial
court sustained Shipley’s hearsay objections to the affidavit and struck the
content of the affidavit outside of the questions required to authenticate the
business record as such.  In fact, the assignment from Unifund Portfolio A, LLC
to Unifund CCR Partners indicates that Unifund CCR Partners owns nothing.  The
pertinent language of the assignment states:

Assignor, for value received and in
connection with the Agreement, transfers and assigns to Assignee all of
Assignor’s rights in the Receivables, for collection purposes only,
including conducting litigation in Assignee’s name, for those Receivables which
Assignor owns or may acquire from time to time.  Assignor shall retain title
and ownership of such Receivables.  The assignment is without recourse to
Assignor and without warranty of any kind (including, without limitation,
warranties pertaining to title, validity, collectibility (sic), accuracy or
sufficiency of information, and applicability of any statute of limitations),
except as stated in the Agreement or herein. (emphasis added)

 

Because standing denotes a party’s
justiciable interest in a controversy, it is only the party whose primary legal
right has been breached that may seek redress for that injury.  Eaves,
301 S.W.3d at 404.  Without a breach of a legal right belonging to that party,
that party has no standing to litigate.  Id. (citing Cadle Co. v.
Lobingier, 50 S.W.3d 662, 669-70 (Tex. App.—Fort Worth 2001, pet.
denied)).  Unifund CCR Partners’s right is solely limited to taking whatever
steps are necessary to collect a debt owned entirely by someone else, while
holding no title, interest, or rights in anything else.  We do not find that
this is sufficient to establish that Unifund CCR Partners has standing to
pursue this claim in its own name.  

Cases that have found standing to exist
all indicate that a finding of ownership of some type was made.  Even the cases
cited to by Unifund CCR Partners demonstrate that some ownership interest was
transferred by the assignor to the assignee.  See Sprint Communications Co.,
L.P. v. APCC Services, Inc., ___ U.S. ___, 128 S. Ct. 2531, 2541-43, 171 L.
Ed. 2d 424 (2008) (assignee with legal title to debt of a legal claim for money
owed has standing to pursue the claim even if proceeds are to be entirely
remitted to assignor); see also Eaves, 301 S.W.3d 403-04 (pleadings and
live testimony sufficiently demonstrated that Unifund owned the account in
question to establish standing); Cartwright v. MBank Corpus Christi, N.A.,
865 S.W.2d 546, 549-50 (Tex. App.—Corpus Christi 1993, writ denied) (note
transferred to MBank making MBank the holder of the note); Schultz v. Aetna
Business Credit, Inc., 540 S.W.2d 530, 531 (Tex. Civ. App.—San Antonio
1976, no writ) (assignor transferred “all of its rights, title and interests”
in the relevant instrument, any accompanying promissory note or notes, and all
rights and remedies under said instrument or notes); Kelley v. Bluff Creek
Oil Co., 298 S.W.2d 263, 267 (Tex. Civ. App.—Fort Worth 1956) (assignment
transferred all “right, title and interest” in a claim, “with full power and
authority to collect and receipt therefore”), aff’d in part, and rev’d in
part on other grounds, 158 Tex. 180, 309 S.W.2d 208 (1958).

We find that without evidence of any
ownership interest or title in the account that Unifund CCR Partners does not
have standing to bring this suit and that the trial court did not have subject
matter jurisdiction over the action.  We sustain issue one.  

Conclusion

            We conclude that Unifund CCR
Partners did not have standing to file suit against Shipley.  Therefore,
because the trial court lacked subject matter jurisdiction, we reverse the
judgment of the trial court and render judgment dismissing the case.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Reversed
and rendered by dismissal

Opinion
on Rehearing delivered and filed October 13, 2010

[CV06]