## MITCHELL v. MITCHELL.
### No. 4087.

Court of Civil Appeals of Texas. Beaumont.

Feb. 24, 1942.

Rehearing Denied Jan. 20, 1943.

C. W. Falvey and Tom F. Coleman, both of Lufkin, for appellant.

Dillon Anderson, of Houston, and K. W. Denman, of Lufkin, for appellee.

WALKER, Chief Justice.

On the 25th day of May, 1942, the district court of Sabine county granted appellee, Mrs. Edna Mitchell a divorce from her husband, Ralph Mitchell, and decreed to her father and mother Mr. and Mrs. J. T. McGraw, the care and custody of the two children born to the marriage, Joyce Mitchell, a girl about twelve years of age, and Wandell Mitchell, a girl about seven years of age. The court further decreed that appellee pay into the registry of the court $10 per month and appellant $20 per month for the support and maintenance of the two minor children. Appellant has perfected his appeal from the judgment of the lower court and presents the single point that the court abused his discretion in awarding the children to their maternal grandparents instead of to him. It is our conclusion that the court did not abuse his discretion in the award of the children.

■ There is no predominating point in favor of either appellee or appellant on the issue of material possessions; all parties are poor, and the children can be supported only by an earned income from day to day. The judgment of the court takes care of their support by directing that appellee pay $10 per month and appellant $20 per month. The evidence does not predominate in favor of appellant on the issue of a home for the children. The maternal grandparents own their home. The children can regularly attend school by way of bus transportation furnished by the community. The evidence does not predominate in favor of appellant on the issue of moral surroundings. The grandparents are good people; they love these children, and in character will be able to give them a proper raising. A church of their faith is close enough to their home to be attended by the children. Appellant contends that the health of the grandparents is poor, and there was abundant testimony to support this issue in his favor. But the court was the judge of the weight and credibility of the witnesses. The grandparents testified that they were able physically, and in every other way, to care for these children properly.

■ Appellant was not in position to keep the children. Had they been awarded him he would have had to give them over to his mother who was also a woman of good character. Appellant at the time of the trial lived at Orange, Texas. For the past two years he had worked at Biloxi, Mississippi, Camp Polk and other defense towns on the coast. On his testimony he could not take these children with him on these jobs because there was no place for them to live. Appellee secured a judgment against appellant on the ground that he had continuously mistreated her during their marriage, in the presence of the children, and that he said to the older child, "You go against me and I will never support you the longest day I live." Appellant has not supported the children since February 4, 1942. The older child testified that she would be better satisfied with her maternal grandparents. The evidence in this case supports the judgment of the court awarding these children to their

maternal grandparents. 15 Tex.Jur. par. 166, p. 670; Texas Constitution, art. V, par. 8, Vernon's Ann.St.; R.C.S. 1925, Art. 4639; Futch v. Futch, Tex.Civ.App., 299 S.W. 289; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; Noble v. Noble, Tex.Civ. App., 185 S.W. 318.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.