Robert James McBRIEN, Jr., Appellant,

v.

Allie ZACHA, Appellee.

No. 15925.

Court of Civil Appeals of Texas.

Dallas.

Oct. 20, 1961.

Rehearing Denied Nov. 10, 1961.

Burt Barr, Dallas, for appellant.

William W. Looney and Lawrence E. Ackels, Dallas, for appellee.

WILLIAMS, Justice.

Robert James McBrien, Jr. filed suit for divorce against Rosemary McBrien where-in he also sought a division of the community property and asked for custody of a minor child, Patrick McBrien. Rosemary McBrien filed a cross-action for divorce and also sought custody of the minor child. Mrs. Allie Zacha, maternal grandmother of said minor child, filed a plea of intervention seeking an order granting to her custody of the minor child. At the conclusion of a non-jury trial the court granted a divorce to Robert James McBrien, Jr.; entered a decree concerning division of the property; and awarded the custody of the minor child to the intervenor, Allie Zacha, the language of the decree being as follows:

> "It is further ordered that the defendant is unfit for custody of the minor child at the present time and although the plaintiff is found to be not unfit at the present time, it is in the best interests of the minor child for the custody not to be given to the father, but because it is in the best interests of the minor child, the care, custody and control of the minor child, Patrick Timonthy McBrien, is given to the maternal grandmother, Mrs. Allie Zacha, intervenor herein."

From this decree the mother does not appeal. The father Robert James McBrien, Jr., appellant herein, inveighs against the trial court's decree in two points of error (1) that the trial court erred in awarding custody of the minor child to a third party when the court found that the father was a fit and proper person, and (2) that the trial court erred in permitting the maternal grandmother to intervene and seek custody of the minor child. We will dispose of these points in inverse order.

■ Appellant's objection to the filing of the plea of intervention by appellee herein, orally presented, was that such plea was untimely filed and that "said maternal grandmother has no justiciable interest in said child." With reference to the time of filing of said plea, appellant sought no continuance either verbally or in writing. The

trial court was correct in permitting the filing of the plea of intervention. Our Constitution, Art. 5, sec. 8, Vernon's Ann. St., specifically provides that the District Court, in divorce proceedings, may award custody of a child to a third person, who intervenes and asks therefor. The grandmother obviously had an interest in the welfare of the child. Appellant's first point is overruled. Noble v. Noble, Tex.Civ. App., 185 S.W. 318; Mitchell v. Mitchell, Tex.Civ.App., 168 S.W.2d 702; Haynes v. Haynes, Tex.Civ.App., 191 S.W.2d 81.

■ No challenge is presented on this appeal concerning the unfitness of the mother to have custody of the child. The chief question presented by this appeal is the propriety of the trial court awarding custody of the minor child to the maternal grandmother rather than to the natural father. Appellant vigorously contends that in the absence of a finding that he was unfit to have custody of the child that he had a paramount right to have the child awarded to him. Appellant cites many cases to the effect that the law presumes that the best interests of the child will be subserved by allowing it to remain in the custody of the natural parents. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Sims v. Cole, Tex. Civ.App., 264 S.W.2d 185; Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241; Valentine v. Valentine, Tex.Civ.App., 203 S.W.2d 693; Sawyer v. Bezner, Tex.Civ.App., 204 S.W. 2d 19; Luman v. Luman, Tex.Civ.App., 231 S.W.2d 555; 27 Tex.Law Review 387. We agree with appellant that this is a correct statement of the general rule concerning such legal presumption. However, appellant, with equal candor, admits that this rule has certain qualifications. Thus in Dunn v. Jackson, Tex.Com.App., 231 S.W. 351, the court said that such legal presumption is subject to be overcome by a person other than a natural parent. In Luman v. Luman, Tex.Civ.App., 231 S.W. 2d 555, the court, while recognizing the presumption of paramount right also stated that such presumption is subject to be overcome by evidence which is clear and convincing and presents a solid and substantial ground to authorize the courts to sever the hallowed ties which mutually exist between a child and its parents. Stutts v. Stutts, Tex.Civ.App., 177 S.W.2d 294; Binion v. Mathis, Tex.Civ.App., 171 S.W. 2d 512. In Fleming v. Honeycutt, Tex.Civ. App., 205 S.W.2d 137 the court recognized a superior natural right of the parent to the custody and control of his child but stated that such right is not an absolute one, but one under some circumstances is subject to judicial review. In Meek v. Taylor, Tex.Civ.App., 269 S.W.2d 545, subsequently reversed on other grounds in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, the Court of Civil Appeals correctly stated the Rule that it is to be presumed that it is to the best interests of the child that its parents have the custody unless it is affirmatively demonstrated that the best interests of the child requires that the parents be deprived of its custody. The Supreme Court in the later appeal of Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 reiterated this rule, citing Taylor v. Taylor, Tex.Civ. App., 42 S.W.2d 455, p. 456 where the court said: "The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the respondents prove that the natural parent is disqualified by immorality or misfortune."

Appellant, in his brief, also frankly admits that the primary question here is whether the trial court abused her discretion in finding that the best interests of the child would be subserved by awarding it to the maternal grandmother. Our Supreme Court has held that abuse of discretion in an award of custody, is a question of law requiring an appraisal of the facts. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787. See also the recent opinion of this Court in Gillespie v. Gillespie, Tex.Civ.App., 343 S.W.2d 281.

■ With these rules in mind we have carefully considered the entire record in

this case. The minor child, two and one half years of age at the time of the trial, had been in the custody of appellant's foster father and mother, who live on a ten-acre tract of land near Grand Prairie, Texas. Appellant works five days per week. He leaves home about 7:30 or 8 o'clock in the morning and comes back home at 5:15 or 5:20 in the afternoon. About once a month he works on Saturday and two or three nights a week he goes out bowling as a member of a bowling team. Appellant's foster mother, age 68, is rather hard of hearing and utilizes a hearing aid. She also depends largely upon lip reading in order to communicate. A lake is situated on the property and the foster parents often fish in the lake, using a boat. The young child is tied in the boat with a rope to prevent him from falling out. The foster mother cannot swim. Appellant's plan for taking care of the child in the future is rather vague and indefinite, depending, as he says, upon the disposition of the community property. When asked by the court if he had a definite plan concerning securing a housekeeper to take care of the child, or whether he was going to leave the child with his foster parents, he stated that he had not reached a decision as to just what would be best for him to do. On the other hand, the appellee, the maternal grandmother, 71 years of age, testified that she was able and capable of spending her full time in caring for the child in her home in Dallas. She had previously cared for the child when its mother was unable to look after him. The trial court had ample opportunity to view and observe the respective parties and to evaluate their opportunities for taking care of this child. The trial judge was fully aware of the well-established rule, grounded on bedrock of reason and common sense, that the best interests of the child is paramount in cases of this kind. The trial judge was of the opinion, based upon all of the evidence, that while the natural father was not unfit at the present time, yet, the best interests of the child would be best served by placing it in the custody of the maternal grandmother. In the light of the above testimony, as well as all of the testimony which we have carefully reviewed, we are certainly not able to say that the trial judge abused her discretion in awarding custody to appellee. There is ample evidence in this record to justify such findings by the trial judge.

Judgment of the trial court is affirmed.