**Albert Dale CASTEEL, Appellant,**

v.

**Mrs. Rachel Sellers MANDEL, Appellee.**

No. 16908.

Court of Civil Appeals of Texas.

Dallas.

April 28, 1967.

John R. Gillham, Clarendon, for appellant.

Ralph Elliott, of Elliott & Nall, Sherman, for appellee.

DIXON, Chief Justice.

Appellant Albert Dale Casteel, presently a resident of El Paso, Texas, filed this suit May 27, 1966 for care and custody of his two children, one a girl nine years of age, the other a boy seven years of age. The children have lived with their maternal grandmother, Mrs. Rachel Sellers Mandel,

appellee herein, in her home in Sherman, Texas since August 1, 1962. Appellant alleges that at that time they were brought to appellee merely for a visit while he was ill.

They are the children of appellant and his first wife, who was killed in an automobile accident in December 1959. Appellant was seriously injured in the accident, was hospitalized for about a month and was unable to return to work for several months. Meantime he and the children lived with his mother and father in Clarendon, Texas.

In July 1961 appellant remarried. He and his second wife, Ellen Murphy Casteel, have one child, a little boy not yet three years of age at the time of the trial.

Appellant and his present wife have had their problems and troubles. In July 1963 appellant again entered the hospital, this time for a serious operation to his hip. He did not return to work until July 1964. Meantime marital difficulties arose. A number of separations took place. Appellant filed two suits for divorce from his wife, the first in Amarillo, Texas, the second in Dallas, Texas. In both instances the couple were reconciled and the suits dismissed. Mrs. Casteel did not attend the trial of this case in August 1966 for at the time she was in a hospital in El Paso following a serious operation.

For some years appellant has worked as a pipe fitter and sometimes as foreman for a company which installs fire sprinkler systems. His duties require him to be away from home frequently and sometimes for extended periods of time in various places in Texas, Arkansas and New Mexico. For about ten months he and his wife and little boy have lived in a rented trailer house in an El Paso trailer court.

In 1963 appellee, Mrs. Mandel, employed an attorney and filed suit in Sherman, Texas, to have the children declared dependent and neglected. At the time appellant was in a hospital in Dallas, Texas. He was not served with notice of the suit. An order was entered August 30, 1963 declaring "that for the welfare of the children named in said petition this Court should take immediate action." An order was entered awarding temporary care, custody and control of the children to appellee.

The testimony of several witnesses at the trial of this case in August 1966 is to the effect that appellee keeps a simple, clean home for the children, that she is devoted to the children and they to her. The little girl is in school and the little boy has finished summer pre-school. They have received excellent moral and religious training from their grandmother and are healthy and happy.

Following the hearing in August 1966 and the award of the children's custody to appellee the trial court filed findings of fact and conclusions of law. The court found that (1) appellant and his wife reside in a thirty-eight foot trailer house in a trailer park in El Paso, where appellant is sometimes located, though his work sends him into other parts of the state for extended periods of time; (2) for more than three years the children have lived with their maternal grandmother, the appellee; the home of appellant and his present wife has been and is unstable, resulting in separations and divorce suit filings; (3) appellee's home is suitable for the care of the children, who are happy and well cared for and are doing exceedingly well; (4) appellee is a fit and proper person to have care and custody of the children; (5) appellant makes approximately $8,000 per year; during 1965 he paid $435 child support and during 1966 he paid $10 in January and $10 at Easter; and (6) home life of father is and has been demonstrably unstable; his home is not a fit and proper place for rearing children, and appellant is not a fit and proper person to have their care and custody.

The court concluded that (1) the best interests of the two children would be served by placing them in the care, custody and control of appellee; (2) appellant

should be required to contribute to the support of the children; (3) their best interests would be served by denying appellant's application for their care and custody.

The court on August 15, 1966 rendered judgment awarding care and custody of the children to appellee; declaring "that insofar as may be necessary the judgment of this court" of August 30, 1963 "is hereby confirmed"; ordering appellant to pay $60 every two weeks as child support; providing for visitation rights for appellant; and directing that the children should not be removed from Grayson County, Texas without permission of the court.

In his first two points on appeal appellant attacks the order of August 30, 1963 which without notice to him awarded temporary custody to appellee.

■ In De Witt et ux. v. Brooks et ux., 143 Tex. 122, 182 S.W.2d 687, in discussing Art. 2332, Vernon's Ann.Civ.St., it was held that a summary proceeding under the statute, without notice to the parents is valid, subject to the right of the parents to a full hearing in a subsequent proceeding. The order being attacked in this case did not declare the children dependent and neglected. It merely awarded temporary custody to appellee. We agree with appellant that the order of August 30, 1963 did not terminate his parental rights. But appellant was granted a full hearing in the subsequent proceeding on the questions of custody and the best interests of the children and the issues were decided against him after appellant and his witnesses were heard and their evidence considered by the court. The order of August 30, 1963 does not have the effect of invalidating the present judgment.

■ In his next six points appellant attacks the findings and conclusions of the court on the ground that there is no evidence to support them and there is evidence that the father was a fit and proper person to have care and custody of the children. Appellant also charges appellee with per-

jury because in her testimony she said she had not alleged in the 1963 proceeding that the children were dependent and neglected.

There is no merit in the above points. There is ample evidence to support the court's findings and conclusions. Appellant relies on the rule that parents have the natural right to the custody and control of their children and on the death of one parent the surviving parent has the right to custody of the children. However, in the very case cited by appellant it is held in substance that the rule is not absolute, but must yield when the real and permanent interest of the children demands a different disposition. Davis et ux. v. Sears, 35 S.W. 2d 99, 103 (Com.App.1931). See also Herrera v. Herrera, 409 S.W.2d 395 (Tex.Sup. 1966); Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787; Ham v. Cavette et ux., 357 S.W.2d 438 (Tex.Civ.App., Houston, 1962, ref. n. r. e.); and Sawyer v. Bezner, 204 S.W.2d 19 (Tex.Civ.App., Amarillo, 1947, ref. n. r. e.). Appellant also says that appellee in her answer did not plead his unfitness to have care and custody. But appellant himself in his petition pleaded his own fitness, thus presenting the issue. Moreover, in child custody cases the strict rules of pleading are somewhat relaxed. Robinson v. Wampler, 202 S.W.2d 500 (Tex.Civ.App., Amarillo, 1947, no writ); 27 Tex.Jur.2d 708.

■ Appellant says that Mrs. Mandel proved her unfitness by committing perjury in that she testified that when she brought the first action in August 1963 she had not alleged that the children were dependent and neglected. Her verified pleading, obviously prepared for her by the attorney who then represented her, did include such allegations. Mrs. Mandel reiterated from the witness stand at the trial of this case that at the time of the 1963 proceeding the children were neglected. She did not say they were dependent. She is not a person of great education, and though the evidence is to the effect that she is a woman of most excellent character,

it is obvious that her knowledge of the legal term "dependent and neglected" is limited indeed. This inconsistency in her allegation in her petition in 1963 and her testimony in 1966 is not material and does not establish her unfitness to have the care and custody of these children.

In matters of child custody the trial court is entrusted with considerable discretionary powers. We see no abuse of that discretion in this case. Jones v. Davis, 314 S.W.2d 328 (Tex.Civ.App., Waco, 1958, no writ); 27 Tex.Jur.2d 716, and cases there cited. The last six points are overruled.

The judgment of the trial court is affirmed.