David Manley NOYES, Appellant,

v.

Janet JACK et vir, Appellees.

No. 7046.

Court of Civil Appeals of Texas.

Beaumont.

May 29, 1969.

Everett Lord, W. G. Walley, Jr., Beaumont, for appellant.

Adams & Browne, Beaumont, for appellees.

PARKER, Chief Justice.

This is a child custody case. Upon a jury verdict, the mother of the child, Mrs. Janet Jack, retained custody of the child. Visitation rights were awarded to David Noyes, the father of the minor, who lives in Minnesota. Attorney's fees in the sum of $5,000.00 were awarded to Mrs. Janet Jack's counsel. There is no appeal from the visitation provisions of the judgment. David Noyes will be called by his name or as appellant. Mrs. Janet Jack will be called by her name or as appellee.

We have not been favored with a Statement of Facts in this case. From the pleadings, it appears that David Noyes was married to Janet Carol Noyes. To this marriage, the boy, Michael, was born December 14, 1959. Mrs. Janet Carol Noyes obtained a divorce in Nevada on May 31, 1963. By judgment of a Minnesota court, dated October 2, 1963, another divorce was granted with the custody of the minor child awarded to Janet Carol Noyes, with visitation rights provided to the husband. Thereafter, on September 10, 1964, judgment was rendered in a court of Harris County, Texas, again awarding the custody of the child to Janet Carol Noyes, with the father, David Manley Noyes, having a four-week visitation with the child each summer. Then, Janet Carol Noyes married Richard Jack, and is now a resident of Jefferson County, Texas.

In Appellant's brief, it is stated:

"In an effort to reduce the bulk of this brief, Appellant points out to the Court that his complaints against the actions of the trial court boil down to two basic propositions. They are these: (1) The error of the trial court in precluding development of facts pertinent to determination of the spiritual well being and best interests of the child as specified in Appellant's first ten Points of Error; and (2) The error of the Court in awarding attorney's fees to Appellees against Appellant, as specified in Points of Error 11 and 12."

By the first ten points, appellant contends that it was error for the trial court to sustain exceptions to allegations contained in his third amended original answer, most of which complained of the lack of spiritual training being given to the child by the appellee and her husband on the one hand and the adequacy of that given to him when he is with the appellant. While there are some allegations in this series complaining of the lack of parental discipline exercised by the appellee, the basic thrust of the several points is that directed to the religious aspect of the matter. The absence of a statement of facts and bills of exception relating to the proof, if any, available in support of the stricken allegations requires us to discuss the contentions so advanced from the standpoint of action on the pleadings alone. All of such points will be discussed together.

The holding in Frantzen v. Frantzen, 349 S.W.2d 765 (San Antonio Tex.Civ.App., 1961, no writ), is applicable.

"Moreover, one's religious beliefs, teachings and practices are not grounds for depriving a parent of his or her children, so long as such teachings and practices are neither immoral nor illegal. Appel-

lant has cited no authorities to the contrary, and we have found none."

In the Frantzen case, Haymond v. Haymond, 74 Tex. 414, 12 S.W. 90 (1889), is cited. We quote therefrom:

"We think the special exception to so much of the petition as sets out the religious opinions of defendant and her mother should have been sustained. In view of the constitutional provisions securing to 'all men the right to worship Almighty God according to the dictates of their own consciences,' and asserting that 'no human authority ought in any case whatever to control or interfere with the rights of conscience in matters of religion,' we do not think that questions as to the doctrines or practices of the Sanctificationists ought to have been permitted to enter to any extent into the trial, and on objection they should have been eliminated from the pleadings and the evidence. It was defendant's right to have any religious belief, or none, as best suited her. If her conduct as a wife was such as to furnish her husband grounds for divorce, the acts themselves would be the only proper subjects of investigation, without any regard to the religious connections that led to them. If her conduct was blameless, it was useless to allege and prove that her religious connections inculcated evil views and practices."

The trial court correctly sustained the exceptions to appellant's pleadings as to religion and the other related matters. It appears from "Plaintiffs' Motion to Disregard Special Issue Jury Findings and for Judgment" and the judgment, that trial of this cause began on February 26, 1968, continuing until March 6, 1968, with judgment being rendered and entered on June 19, 1968. There are 244 pages in the Transcript, but we have no Statement of Facts. In effect, appellant is asking this court to hold that the action of the trial court, in sustaining the exceptions to the

pleadings below, was erroneous and probably did cause the rendition of an improper judgment. In Walker v. Texas Employers' Insurance Association (1956), 155 Tex. 617, 291 S.W.2d 298, on page 301, the Supreme Court said:

"A determination of whether the error 'probably did cause, the rendition of an improper judgment' by influencing the jury to return a verdict it probably would not otherwise have returned is to be made from an examination of the record as a whole, City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863, including the 'state of the evidence'. Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367, 370."

In Englander Co. v. Kennedy, 428 S.W. 2d 806 (Tex.Sup., 1968), the Supreme Court in a per curiam opinion, upheld the Court of Civil Appeals, which held:

" '[i]n the absence of a complete statement of facts there is no way for us to examine the whole record to determine whether there is any evidence to support the court's findings and conclusions. With only a partial statement of facts before us we must presume that there was evidence to support the court's findings.' We approve the holding of the court of civil appeals although Tex. Rules Civ.Proc. 377(c) has been interpreted as requiring a different result. See Advisory Opinions of the Subcommittee on Interpretation of the Texas Rules of Civil Procedure, 5 Tex.B.J. 236 (1942), 5 Tex.B.J. 428 (1942), 8 Tex.B.J. 17 (1945), 8 Tex.B.J. 27 (1945); and Stayton. Analysis of Texas Changes, 4 Tex.B.J. 667 (1941).

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively

refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."

Also see: Reynolds v. Rayborn, 116 S.W. 2d 836 (Amarillo Tex.Civ.App., 1938, no writ); Salvaggio v. Barnett, 248 S.W.2d 244 (Galveston Tex.Civ.App., 1952, error ref. n.r.e.).

■ Without a Statement of Facts, we cannot determine whether appellant offered proof of any action, proving the religious connection of the appellee that "inculcated evil views and practices" that would influence a minor child. If such proof had been offered upon the trial, this court will not presume that the trial court would refuse to hear cogent and otherwise admissible evidence on such matter. The alleged errors complained of by appellant, consisting of the trial court's sustaining two exceptions to appellant's pleadings, are harmless where there is no Statement of Facts. Continental Oil & Cotton Co. v. E. Van Winkle Gin & Machine Works, 62 Tex.Civ.App. 422, 131 S.W. 415 (1910, error ref.); Hartford Fire Ins. Co. v. Galveston, H. & S. A. Ry. Co., 239 S.W. 919 (Tex.Com.App., 1922, opinion adopted by S.Ct.); North German Lloyd S. S. Co. v. Roehl, 144 S.W. 322 (Galveston Tex. Civ.App., 1912, error ref.); Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298 (1956); Zachary v. City of Uvalde, 42 S.W.2d 417 (Tex.Com.App., 1931).

Points of error 1 through 10 inclusive are each overruled.

■ Appellant contends, in his Point of Error No. 12, the court erred in awarding appellee judgment against appellant for the sum of $5,000.00 or for any sum as attorney's fees. The court ordering periodical payment for the support of the minor child was a Minnesota court. Rule 308–A, Texas Rules of Civil Procedure, is not applicable in the instant case as the basis to allow attorney's fees against the appellant in default in paying child support.

■ The father of children has a common law obligation to furnish necessaries, including attorney's fees, to the children. Schwartz v. Jacob, 394 S.W.2d 15 (Houston Tex.Civ.App., 1965, writ ref. n.r.e.), in an opinion by Chief Justice Bell, on page 20, held:

"The theory on which attorney's fees are allowed a wife in a divorce suit is that they are necessaries. There is no statute or rule allowing them. Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774. There is a host of cases to this effect. The husband has a common law obligation to furnish necessaries for the wife *and children*, so the same principle applies in this case." (Emphasis ours.)

■ The attorney's fees in the Schwartz case were predicated upon both Rule 308– A *and* the common law rule set forth in the quotation from the opinion. Rule 308–A being inapplicable here, we base our decision upon the right to recover the attorney's fees solely upon the common law doctrine set forth in Schwartz.

■ Appellant's Point of Error No. 12 is overruled.

But, appellant's point now under consideration complains of the fact that the court did not give a restrictive instruction in connection with Special Issue No. 5, reading:

"Do you find from a preponderance of the evidence that any legal services rendered by Janet Jack's attorney were necessary?"

The jury answered this issue by "Yes." There was no definition of "necessary" submitted in connection with the issue nor was the jury in any manner advised as to what, in law, they were to consider in answering the issue, nor was there any ex-

planatory instruction. While appellant did not object to the issue, he did tender a requested instruction which was refused, reading:

"You are instructed that in a case of this type, attorneys fees are considered necessary only where rendered for the welfare and benefit of the child or children whose custody is in issue, and not otherwise."

■ The refusal of this requested instruction is made the basis of the appellant's 11th point. The definition is a substantially correct statement of the law, and, since there was no definition or explanatory instruction given, appellant was not required to make an objection to the omission as a predicate for showing error.

■ As an abstract proposition, the point of error brought forward is consistent with the prevailing law. Rule 279, T.R.C.P.; Lyles v. Texas Employers' Ins. Ass'n., 405 S.W.2d 725 (Waco Tex.Civ. App., 1966, error ref. n.r.e.); Texas Employers' Ins. Ass'n. v. Mallard, 143 Tex. 77, 182 S.W.2d 1000 (1944); Cf. Great American Ind. Co. v. Sams, 142 Tex. 121, 176 S.W.2d 312 (1944).

■ The burden is upon appellant to show not only error, but to convince the appellate court "that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause *and probably did cause the rendition of an improper judgment in the case,* * * *." Rule 434, T.R.C.P. We have in this case only a transcript without a statement of facts, thereby preventing us from considering "the record as a whole" to determine whether or not the error resulted in an improper judgment.

The recent decision of Fountain v. Ferguson, 441 S.W.2d 506, (Tex.Sup., May 21, 1969), collates many of the cases on the subject, although it specifically applies to improper argument. However, this "com-

plete record" theory has been applied to errors other than those arising out of argument. Dennis v. Hulse, 362 S.W.2d 308, 309 (Tex.Sup., 1962) (improper evidence as to liability insurance coverage); Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277, 282 (1958) (improper evidence as to issuance of traffic tickets); Urban Renewal Agency of City of Lubbock v. Trammel, Tex.Civ.App., 399 S.W.2d 852, 857, rev. on other grounds, 407 S.W.2d 773 (Tex.Sup., 1966) (evidence of "freezing" of building permits).

■ However, there is a passage found in the long quotation from Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367 (1954), which is set out in Fountain, supra, which would seem to indicate that a different rule would apply to an incorrect submission of a case, it reads:

"It is true that the rule in question cannot in every type of case be given the broad application which its words literally invoke. *For example, in a case of an incorrect submission to the jury, we could hardly bypass the error by making, in a sense, a decision on the weight of the evidence.* Even in improper argument cases, we should doubtless consider the state of the evidence with much caution. * * *" (269 S.W.2d at 370–371, emphasis supplied.)

This caveat of Justice Garwood fifteen years ago, and renewed by Justice Pope last week, is cause for careful consideration of the error which we have under consideration. Having done so, however, we are unable to find prejudicial error when we have no knowledge of the state of the evidence. For all that appears in this record, there may have been a specific limitation of the testimony offered, perhaps, only evidence as to the value of the attorney's services, as applied to the child, was offered. We need not be called upon to speculate when appellant could have demonstrated the prejudicial error, if in

truth and in fact, any such harmful result existed.

"In the absence of a statement of facts, 'every presumption must be indulged in favor of the * * * judgment' including existence of 'such facts as are necessary to support the judgment.' Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, 685; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860, 863." McPherson v. Black, 346 S.W.2d 615 (Waco Civ.App., 1961, no writ).

The eleventh point is overruled and the judgment is affirmed.