Ann PERKINS et vir, Appellants,

v.

Milford Vernon FREEMAN, Jr., Appellee.

No. 7491.

Court of Civil Appeals of Texas, Beaumont.

Affirmed Nov. 1, 1973.

Motion for Rehearing Overruled Nov. 21, 1973.

---

Everett Lord, W. G. Walley, Jr., Beaumont, for appellants.

Adams & Browne, Phillip Bordages, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action brought by the mother to gain custody of a daughter from the father, in which the paternal grandparents intervened. Trial was by jury, which found that there had not been such a material change of conditions that the best interest of the child required that a change be made in her custody. Judgment was rendered that the father retain custody of the child. The parties will be referred to here as they were in the trial court.

The father obtained a divorce January 7, 1971 in which he was awarded custody of the child. The mother did not contest the divorce or the custody. Later the mother brought this new action alleging a change of conditions. Three of the four points of error raised on this appeal involve the intervention filed by the paternal grandparents.

The first point of error is that the trial court erred in overruling plaintiff's special exception to intervenors' second amended petition, because it did not allege unfitness against both natural parents. Our record shows the original petition in intervention alleged unfitness against both parents, but the second amended petition alleged unfitness only on the part of plaintiff. The second point of error complains of the action of the trial court in overruling special exceptions to intervenors' pleadings to the effect that plaintiff had abandoned the child in October, 1970 when she, the plaintiff, left with a carnival and carnival workers with whom she then or later lived in adultery. The third point of error complains of the action of the trial court in overruling plaintiff's motion to limit the number of peremptory challenges to allow defendant three and intervenors three to be exercised separately. The trial court refused but directed counsel for the parties to exercise their challenges separately. These three points were briefed together.

The basis for plaintiff's first point of error is that intervenors had no standing in court because of the failure of their trial petition in intervention to allege unfitness on the part of both parents. The basis for plaintiff's second point of error, in essence, is that intervenors' pleadings injected into this case (followed by testimony which was highly inflammatory) the matter of misconduct of plaintiff prior to rendition of the divorce decree which did not tend to corroborate any evidence of misconduct after the decree.

Plaintiff cites Thrash v. Cochran, 360 S.W.2d 587 (Tex.Civ.App., San Antonio, 1962, no writ), to support her position as to the first point. This was a habeas corpus proceeding brought by the father's widow seeking to take custody of a child from the child's mother. The mother filed a plea of privilege which was sustained. The appellate court affirmed, holding this action was a new and independent suit, and could not be a part of a pending cause between the mother and father. The court said: The widow had no right to intervene in the proceedings between the original parties to the divorce suit; that when the father died the controversy between him and the mother terminated, and there was nothing to adjudicate between them under Art. 4639a Vernon's Ann.Civ.St.; that if the widow felt the mother was an unfit person to have custody, she would have to file a new and independent action under Art. 2330 and 2331, V.A.C.S. (Dependent or Neglected Child).

Plaintiff also cites Prock v. Morgan, 291 S.W.2d 489 (Tex.Civ.App., San Antonio, 1956, no writ). In this case the grandparents brought suit against the divorced mother to obtain custody of a minor child. Following a trial, custody was awarded to the grandparents. The appellate court reversed and remanded the case, holding: that the grandparents cannot maintain an

action under Art. 4639a, V.A.C.S., where changed conditions only are required, and that such a suit can be maintained only by a party to the original decree of divorce; that when an outsider wishes to bring a suit to take a child from the custody of a parent, he must bring suit under Arts. 2330 and 2331, V.A.C.S., and be prepared to prove the child is dependent or neglected or that the parent or parents having its custody, are unfit persons; that the finding by the trial court that it was for the best interest of the child that her custody be placed in the grandparents was not sufficient.

It is apparent that neither of those cases passes upon the precise question before us, and that is whether or not grandparents can intervene in a change of custody suit without alleging that both parents already in the litigation are unfit to have custody of the child. It is clear, under those cases, that if the grandparents had brought this action to obtain custody of the minor child, that they would have had the burden of proving either that the child was dependent or neglected or that the parents were unfit to have custody. However, the primary litigation here was between the mother and father in which plaintiff had the burden of proving a material change of conditions. Plaintiff comes to the conclusion that if intervenors do not allege unfitness on the part of both parents, that they are not entitled to be a party to this suit. We have neither been cited nor have we found a case making that specific holding.

Rule 60, Rules of Civil Procedure, provides that *any party* may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party. The wording of that rule provides us with little help in passing upon the question before us, and we find no custody cases listed in the annotations under the rule. Many of the cases state the proposition that the trial court is given wide latitude in the matter of intervention.

McBrien v. Zacha, 351 S.W.2d 101 (Tex.Civ.App., Dallas, 1961, error ref. n. r. e.) is a case in which the appellate court stated the trial court was correct in permitting the maternal grandparent to intervene in a pending divorce case in which both the mother and father were seeking custody of a minor child. That court also states the law to be that a district court, in divorce proceedings, may award custody of a child to a third person, who intervenes and asks for custody. Citing, Noble v. Noble, 185 S.W. 318 (Tex.Civ.App., Austin, 1916, no writ); Mitchell v. Mitchell, 168 S.W.2d 702 (Tex.Civ.App., Beaumont, 1942, no writ), and Haynes v. Haynes, 191 S.W.2d 81 (Tex.Civ.App., Beaumont, 1945, dismissed). In fact, in McBrien v. Zacha, supra, the trial court found the mother to be unfit, and found the father not to be unfit, but also found it was to the best interest of the minor child that custody be placed in the maternal grandmother. The appellate court stated that it was unable to say the trial judge abused his discretion. In *Noble*, supra, an award of custody to the intervening maternal grandmother, in a pending divorce, was affirmed on appeal. In *Mitchell*, supra, the trial court judgment in a divorce case, awarding custody of two minor children to the maternal grandmother, was affirmed on appeal. In *Haynes*, supra, the trial court awarded custody of a minor child to the maternal grandparents, who were not parties to the suit. The appellate court held the trial court had that authority under Art. 5, § 8, Constitution of Texas, Vernon's Ann.St., and under Art. 4639a, V.A.C.S.

■ The district courts acting under the powers granted by Art. 5, § 8, Constitution of Texas, have broad discretion in determining the custody of children. Page v. Sherrill, 415 S.W.2d 642, 645 (Tex. 1967). In such cases, "technical rules of pleading and practice need not be strictly followed." Hendrick v. Voss, 334 S.W.2d 308, 314 (Tex.Civ.App., Dallas, 1960, no writ). See also, Casteel v. Mandel, 415 S. W.2d 512, 514 (Tex.Civ.App., Dallas, 1967, no writ); Ex parte Gallop, 486 S.W.2d 836, 839 (Tex.Civ.App., Beaumont, 1972,

error ref. n. r. e.). In determining custody questions, the paramount concern of the district judge is to determine what is for the best interest of the child and he should not be hampered in such determination by a rigid adherence to technical rules of pleading. Having reviewed the record, we are not persuaded that there was an abuse of discretion and points one and two are overruled. Cf. Burson v. Montgomery, 386 S.W.2d 817, 818 (Tex.Civ.App., Houston, 1965, no writ).

As to the third point of error concerning the peremptory challenges, plaintiff calls this court's attention to the fact that even though the trial court directed defendant and intervenors to exercise their challenges separately, that there was no duplication of strikes.

■ Rule 233 provides that each party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court. However, it is well settled in this state that to be entitled to such challenges, where there are multiple parties, a party's interest must be antagonistic on an issue with which the jury may be concerned. The trial court determines that question at the outset of the trial from the pleadings. Shell Chemical Company v. Lamb, 493 S.W.2d 742 (Tex.1973).

■ Intervenors' trial pleadings show: that they have had possession of the minor child since October, 1970; that the mother is unfit; that it would be to the best interest of such minor child that custody be placed in them. Based upon such pleadings, the interest of the intervenors was antagonistic to that of both the mother and father, and the trial court did not abuse its discretion in permitting the peremptory challenges.

■ Sec. 13 of Art. 2094, V.A.C.S., as amended, and as found in the pocket part of vol. 6 at p. 11, (Acts 1971, 62d Leg., p. 2801, ch. 905) reads as follows:

"After proper alignment of parties, it shall be the duty of the court to Equalize the number of peremptory challenges provided under Rule 233, Texas Rules of Civil Procedure, Annotated, in accordance with the ends of justice so that no party is given an unequal advantage because of the number of peremptory challenges allowed that party."

Plaintiff argues that the above statute placed a mandatory duty upon the trial court to align intervenors with defendant and give them each three challenges. We do not believe this new statute clearly indicates an intention to change the basic rule that a trial court must determine from the pleadings whether or not multiple parties are antagonistic as to a matter to be submitted to the jury. It would be unreasonable to expect a trial judge to anticipate at the outset of a trial, that during the course of the trial two parties might join forces in the end. The only logical answer under the new statute, as well as the old case law, is that the trial court must make the determination as to the number of peremptory challenges, based upon the pleadings. This point is overruled.

Plaintiff has cited Tamburello v. Welch, 392 S.W.2d 114 (Tex.1965), to support her position as to this point of error, and especially to show that the action of the trial court was harmful error. We do not agree. That case arose out of a three car collision, and one driver sued the other two drivers. The trial court did not allow each defendant six peremptory challenges even though the pleadings showed the interests of the two defendants were antagonistic. One defendant had alleged that the negligence of the other defendant was the sole cause of the collision. The situation before us is just the opposite in that the pleadings showed the interest of the parties to be antagonistic, and the trial court gave each of the parties their full six strikes. In the last sentence of the *Tamburello* opinion the Supreme Court said:

". . . it is our opinion that the trial was so materially unfair that the judgment cannot be upheld."

We do not reach that conclusion in the case before us.

■ Following a careful reading and study of the 1374 pages of our statement of facts, we have concluded, assuming arguendo, that it was error on the part of the trial court to allow intervenors six peremptory challenges, or to refuse to sustain the special exceptions mentioned above; nevertheless, we do not find that such errors complained of amounted to such a denial of the rights of the plaintiff as were reasonably calculated to cause, and probably did cause the rendition of an improper judgment in their case. Rule 434. The plaintiff has no point of error attacking the jury finding that there had been no material change of condition.

Plaintiff's last point of error is that the trial court erred in submitting the issues as to attorney's fees and awarding defendant judgment for the amount of attorney's fees found by the jury. The jury found that the legal services rendered by defendant's attorney were necessary, and then found the amount to be $8,050. Once again, it is noted that these points of error do not contend that such jury findings have no support in the evidence, but only contend that there is no legal basis for allowing a father to recover attorney's fees from the mother in a child custody case. This is apparently a question of first impression, since the adoption of the Family Code, V. T.C.A., § 4.02 which reads as follows:

"Each spouse has the duty to support his or her minor children. The husband has the duty to support the wife, and the wife has the duty to support the husband when he is unable to support himself. A spouse who fails to discharge a duty of support is liable to any person who provides necessaries to those to whom support is owed."

■ The general rule is that attorney's fees incurred by a party in litigation are not recoverable against the adversary unless provided for by statute or by contract between the parties. However, one of the well recognized exceptions to this rule is the allowance of recovery by a wife in a divorce action, on the theory that her attorney's fees are necessaries. See Roberts v. Roberts, 144 Tex. 603, 192 S.W.2d 774 (1946) and the cases collated there.

We are greatly impressed by the logic of the opinion written by Chief Justice Bell in Schwartz v. Jacob, 394 S.W.2d 15 (Tex.Civ.App., Houston, 1965, error ref. n. r. e.). In fact, this court in a unanimous opinion followed *Schwartz*, and made its terms more explicit in Noyes v. Jack, 443 S.W.2d 89 (Tex.Civ.App., Beaumont, 1969, error ref. n. r. e.). In the *Schwartz* case the father brought an action to reduce the child support payment and a change of custody. The mother sought a judgment of contempt for failure to pay the child support, to increase the support payment, and for attorney's fees. The trial court refused to change custody, reduced the support payments, refused to hold the father in contempt, and allowed the mother to recover $4,000 in attorney's fees. The Court of Civil Appeals affirmed the trial court on the basis that the real party defendants were the children and that the furnishing of counsel was the furnishing of necessaries to the minor children. That court said the allowance of the fee was not to the divorced wife for services rendered her, but was for the services rendered by the attorneys, at the instance of the mother, to the children. That opinion cites Burson v. Montgomery, 386 S.W.2d 817 (Tex.Civ.App., Houston, 1965, no writ) to the same effect. A part of the *Schwartz* case opinion reads as follows:

"Under the circumstances of this case, we are of the view that attorney's fees allowed were necessaries furnished the children. Food and clothing are but a small part of the things necessary to properly rear children. Education, cultural development, religious and ethical training are equally as important, if not more so. The obtaining of means to furnish them is necessary. Too, the kind

of home in which the children are reared and the persons with whom they daily associate are most important. Therefore, the matter of their custody is of utmost concern. For there to be a full development of matters bearing on these issues it is necessary to employ counsel to look after the children's interest. It does not suffice to suggest, as does appellant, that he was looking after their interest. He had a personal partisan interest also. The mother did too. Our adversary system is best suited to a development of the true facts and the adversary system envisions the right of representation by counsel."

 Having come to the conclusion that the mother in Texas may recover attorney's fees when situated in the position we find the father in the case before us, the only question left for determination is whether the sex of the father results in a different rule of law. We say that it does not. The section of the Family Code quoted above makes it clear that *each spouse* has the duty to support his or *her* minor children, and attorney's fees being a necessity, there can be no different result. This conclusion is bolstered by the adoption in November of 1972 of an amendment to the Bill of Rights to the Constitution of Texas, Art. 1, § 3a, reading as follows:

"Equality under the law shall not be denied or abridged because of sex, race, color, creed or national origin. This amendment is self-operative."

Affirmed.

KEITH, Justice (dissenting).

While I have difficulty in following the rationale of the majority in several areas, I confine my dissent to the disposition of the third point—the failure to equalize the peremptory challenges afforded the intervening grandparents, the father, and the mother, as required by the applicable statute.

In essence, the majority says that the Legislature engaged in an act of futility when it adopted the 1971 amendment to Art. 2094, V.A.C.S., quoted in the opinion. Or, stated differently, notwithstanding the legislative amendment, the rule announced in Shell Chemical Company v. Lamb, 493 S.W.2d 742 (Tex.1973), remains unchanged —only the barebones pleadings may be considered. I do not so narrowly construe the 1971 amendment. Believing that error has been shown in the allocation of the peremptory challenges under the rationale of Tamburello v. Welch, 392 S.W.2d 114, 117 (Tex.1965), I dissent from the affirmation of the judgment.