Inge UHL, Appellant,

v.

Chell Bentley UHL, Appellee.

No. 17633.

Court of Civil Appeals of Texas, Fort Worth.

May 30, 1975.

John H. Chambers, Arlington, for appellant.

Chell Bentley Uhl, pro se.

OPINION

MASSEY, Chief Justice.

Suit was for enforcement of child support agreement proper to be considered as having been made part of a divorce judgment rendered in Germany.

The record proof was transferred from the foreign jurisdiction and made a part of the pleadings of Inge Uhl, the mother and custodian of the parties' minor child. It was sufficient to vest jurisdiction in the Texas trial court. Included was the proof that while they were married and prior to the time of their divorce Inge Uhl, plaintiff herein, and Chell Bentley Uhl, the defendant, had legally adopted Stefen Roy Uhl, now under the age of 14 years and resident in Germany with his mother. Furthermore it was shown that since the divorce the plaintiff has continued to be the legal custodian of the child, and that defendant was legally required to contribute $75.00 per month as his part of the expenses to support his child until the time, if any, that the obligation be increased or decreased by order of a court of competent jurisdiction.

That the foregoing should be so treated by this Court is obvious since the trial court, without complaint thereof, rendered judgment for plaintiff for the amount of unpaid child support (at $75.00 per month) to date of the judgment. From such judgment the

plaintiff perfected her appeal. Defendant did not appeal and did not file any brief in response to or challenging the plaintiff's statement of the facts in her brief.

Judgment is in part affirmed, and in part remanded.

Plaintiff contends that the judgment rendered by the trial court was not sufficient; that in addition to the relief granted the court was obliged and should have decreed: (1) the amount of child support payments necessary to be paid by defendant for the support of the parties' minor child in the future, (2) judgment for plaintiff for a reasonable amount as attorney's fee in winning the award for plaintiff, and (3) taxation as costs the expenses made necessary by reason of defendant's arbitrary refusal to cooperate in disposing of certain questions of fact involved as to which there was no bona fide controversy. It was because of the refusal of the trial court to make any decree relating to these matters that plaintiff appealed.

This is a case where that portion of the judgment granting relief to plaintiff is not appealed from, and is therefore not part of the subject matter of the appeal. For opinion purposes it is more conveniently treated as a part of the judgment which we affirm. We also affirm the judgment insofar as there was refusal to tax as costs or to award as part of the judgment the expenses to which plaintiff was put by the defendant's arbitrary refusal to cooperate, thus making necessary the plaintiff's expense in making proof of facts which the defendant should have but refused to admit, including the genuineness of documents.

We exclude, for purposes of what is stated below, the matter of attorney's fees which would have been enhanced in connection with proof of plaintiff's case made necessary by any refusal of defendant to cooperate.

Plaintiff did not include in her prayer for relief that there be judgment for the expense attendant to making proof other than for attorney's fees. Nor does plaintiff make the essential showing that she had evidence upon the reasonable amount of such expenses since there was no Statement of Facts brought forward as part of the record on appeal. Principally, plaintiff's claim is that there is entitlement for the expenses by the provisions of Texas Rules of Civil Procedure, rule 169, "Admission of Facts and of Genuineness of Documents" and by the provisions of T.R.C.P. 170, "Refusal to Make Discovery; Consequences".

In Section (c) of Rule 170 is provided the occasion for entitlement to relief where a party might be held to have put his adversary to expense of unnecessary proof. However, relative to the obligation of the adversary, if he would obtain relief because thereof, the language of the Rule is: ". . . he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof. If in the course of such a hearing it shall appear to the satisfaction of the court that any party or his attorney is arbitrarily refusing to co-operate in disposing of questions of fact as to which there is no basis for bona fide controversy, the court shall tax all expenses of proving such facts, including reasonable attorneys' fees, against the party refusing to co-operate, subject to review upon appeal."

■ In this case there was not, either prospectively or retrospectively, motion or application for court order requiring the defendant to make payment. Some character of showing that there was application to the court for such is a necessary predicate for relief by Rule 170. Here there was no written motion, and, since there is no Statement of Facts, not even a showing that there was an oral request refused by the court in any hearing separate from the trial or as part of the trial. Under these circumstances plaintiff cannot obtain any relief from an appellate court. Note also the absence of a Statement of Facts showing

any proof. The points of error, insofar as they relate to this claimed entitlement, are overruled.

■ The complaints upon the trial court's failure to grant relief by provision for future support of the minor child by defendant, and upon failure to award attorney's fees as "necessaries" to such child, we hold to be well founded and are to be sustained despite the failure to make a Statement of Facts part of the record on appeal.

Hearing held below was subsequent to the effective date of Texas Family Code. By the Code plaintiff is to be treated as the "managing conservator" of the parties' minor child. Sec. 14.01, V.T.C.A., "Court Appointment of Managing Conservator". She is also the "possessory conservator" of the child. Section 14.04, "Rights, Privileges, Duties, and Powers of Possessory Conservator", provides that it is the duty of such a person to provide protection to the child and to provide him with clothing, food and shelter. Section 14.05, "Support of Child", provides that the court may order either or both parents to make periodic payments or ". . . for the support of the child until he is 18 years of age . . . ."

Section 4.02, "Duty to Support", provides that each spouse has a duty to support his or her minor children. ". . . A spouse who fails to discharge a duty of support is liable to any person who provides necessaries to those to whom support is owed."

Title 2, Subtitle B of the Family Code includes Chapter 21, "Uniform Reciprocal Enforcement of Support Act". Thereunder is Sec. 21.02, "Purposes", in which is stated that the purpose of the provisions under the Chapter is to improve and extend by reciprocal legislation the enforcement of duties of support, etc. Section 21.23, "How Duties of Support are Enforced", provides that all duties of support, including arrearages, are enforceable by a suit under the Chapter, irrespective of the relationship between the obligor and the obligee. Section 21.27, "Mi-

nor Petitioner", provides that suit "on behalf of" a minor obligee may be brought by a person having legal custody of the minor without appointment as *guardian ad litem*. Section 21.32, "Duty of State as Responding State" provides, relative to instances where there is no (other) court of this state having continuing jurisdiction of the child the jurisdiction of the court to which application is made to proceed to the necessary hearing and adjudication. Section 21.37, "Support Order", provides that if the court holding the hearing (with jurisdiction) finds a duty of support, it may order the defendant to furnish support or reimbursement therefor, etc.

Finally, under Sec. 21.39, "Enforcement Power of Court", is provided that in addition to other specified powers under Chapter 21 the court has the power to subject the defendant to such terms and conditions as the court may deem proper to assure compliance with its orders, and in particular:

"(1) . . .

"(2) to require the defendant to make payments at specified intervals to the district clerk or probation department of the court; and

"(3) to punish the defendant who shall violate any order of the court to the same extent as is provided by law for contempt of the court in any other suit or proceedings cognizable by the court."

The plaintiff's pleadings invoked jurisdiction in the premises in the trial court. It is obvious from the judgment and from the Findings of Fact and Conclusions of Law filed by the court, coupled with the unchallenged statements made in the brief of the plaintiff, that the trial court deemed itself without jurisdiction to do other than to render a judgment like unto one for an accrued indebtedness. For this reason the court omitted any provision for future child support in the judgment.

By references made to sections of the Texas Family Code it is clear that the Legislative intention was to acknowledge the public policy of this state that a parent shall support his child, and to extend and reinforce the authority of the courts of the state to require that such a parent (found within the state and over whom jurisdiction is acquired) provide that support by compulsion of the law as prescribed in the Code. Our holding is that the trial court was vested with jurisdiction and authority to render judgment inclusive of a decree for relief as specified by Sec. 21.39 of the Code, and that there was error by the court when it failed to do so.

■ On the matter of attorney's fees we observe that under Schwartz v. Jacob, 394 S.W.2d 15 (Houston, Tex.Civ.App., 1965, writ ref., n. r. e.), attorney's fees for the plaintiff should be held to be "necessaries" to defendant's minor child in Germany and not to plaintiff as a benefit to her apart therefrom. Akin v. Akin, 417 S.W.2d 882, 885 (Austin, Tex.Civ.App., 1967, no writ history); Tharp v. Tharp, 438 S.W.2d 391, 395 (Houston (14th), Tex.Civ.App., 1969, writ dism.); Perkins v. Freeman, 501 S.W.2d 424, 429 (Beaumont, Tex.Civ.App., 1973, reversed on other grounds at Tex., 518 S.W.2d 532).

Such services was a requirement, as "necessaries" essential to protect and provide support for the child, not covered or contemplated to be covered by the defendant's payment of the monthly amounts for child support but in addition thereto. It was because of the defendant's failure to pay the monthly amounts which were covered and contemplated that there was the requirement that the plaintiff, in the discharge of duty incumbent upon her to provide for and protect the interests of the child, contracted in his behalf for attorney's services.

Our holding is that under the circumstances of the case the trial court, having allowed any recovery of "support money" to the plaintiff, should have considered plaintiff's evidence upon attorney's services and/or attorney's fees and awarded a reasonable amount therefor to plaintiff as part of the judgment rendered in the case.

■ The case was tried before the court without a jury. By what we have written above there was obligation on the part of the defendant to pay a reasonable amount as attorney's fees; the only question would be upon propriety of amount to be paid. When a plaintiff is clearly entitled to attorney's fees in some amount but where there had been no proof in the trial court of the amount there may be severance of that issue with remand to the trial court for a new trial on that issue. Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.Sup., 1966).

■ There has been interpretation of the above case (Great American Reserve Insurance Co. v. Britton) and the law now appears to be settled that the court may take judicial notice that a litigant is entitled to attorney's fees but it may not take judicial notice of what the attorney's fees should be; that evidence of some character is required to set the amount for judgment purposes, even in a non-jury case. Schecter v. Folsom, 417 S.W.2d 180 (Dallas, Tex.Civ. App., 1967, no writ history); Reynolds Research & Manufacturing Co. v. Scamardo, 412 S.W.2d 941 (Waco, Tex.Civ.App., 1967, no writ history); Rhoades v. Miller, 414 S.W.2d 942 (Tyler, Tex.Civ.App., 1967, no writ history). That is the law as applied to circumstances of the case before us.

Of similar import would be the need for evidence to enable the trial court to determine the obligation upon future child support which should be furnished by the defendant, commensurate with his ability and according to his station. The established amount is presently $75.00 per month. There has been no move for any increase or decrease in the amount but merely for the court to honor and enforce the liability and obligation shown to be existent at time of

the trial. Existent pleadings do not raise an issue upon amount though they do raise an issue upon future obligation. By the court's judgment we may know that the intent was to honor and enforce the foreign judgment as applied to the time antecedent to judgment. We have held that the trial court erred in failing to make an adjudication upon the future obligation of the defendant.

We affirm the judgment of the trial court in its grant of judgment for past child support and in its denial of recovery of expenses as costs under Rule 170. We sever and reverse and remand the case upon the issue of reasonable amount to be allowed plaintiff as attorney's fees incident to obtaining relief in behalf of defendant's child and upon the issue of the defendant's obligation in relation to future child support.

All costs of appeal are assessed against the defendant.