**Opinion issued June 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00589-CV

———————————

**ROSEMARY THOMPSON AND TIMOTHY E. THOMPSON, Appellants**

**V.**

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2004-HE3 ASSET BACKED PASS-THROUGH CERTIFICATES, Appellee**

---

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2013-14050

---

**MEMORANDUM OPINION**

Appellants, Rosemary Thompson and Timothy E. Thompson (the "Thompsons"), who appear pro se,[1] challenge the trial court's judgment, entered after a trial to the court, in favor of appellee, HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2004-HE3 Asset Backed Pass-Through Certificates ("HSBC"), in HSBC's lawsuit against the Thompsons for judicial foreclosure of a home equity deed of trust. In five issues, the Thompsons contend that HSBC's lawsuit is barred by the statute of limitations and the trial court erred in admitting certain evidence.

We affirm.

## Background

In its original petition, HSBC alleged that the Thompsons are the record owners of real property located at 1039 Pennygent Lane, Channelview, Texas (the "property"), further described as:

> Lot Nine (9), in Block One (1), of Sterling Green South, Section Two (2) Replat, a Subdivision in Harris County, Texas, according to the map or plat thereof, recorded in volume 310, page 89, of the map records of Harris County, Texas.

In August 2004, the Thompsons obtained a home equity loan in the amount of $122,400.00 against the property and executed a note and deed of trust. The note

---

[1] We note that parties who appear pro se must comply with all applicable laws and rules of procedure and are held to the same standards as are licensed attorneys. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005). We have endeavored to address all issues that can be said to have been "fairly included" by the Thompsons in their brief. *See* TEX. R APP. P. 38.1(f).

was later assigned to HSBC. As per HSBC, "on or about June 1, 2007," the Thompsons did not pay the loan according to its terms. On November 22, 2011, HSBC sent to the Thompsons, by first class and certified mail, a notice of default and intent to accelerate. On February 12, 2013, after the Thompsons did not cure the default, HSBC sent the Thompsons a notice of acceleration. And, on March 7, 2013, HSBC sought judicial foreclosure of its lien on the property. HSBC attached to its petition copies of the note, deed of trust, assignment of the note and deed of trust from the original lender, WMC Mortgage Corporation, to HSBC, and HSBC's notices to the Thompsons, along with certified mail receipts. The Thompsons answered, generally denying the allegations and asserting a limitations defense and a counterclaim for wrongful eviction.

At trial, HSBC asserted that Mrs. Thompson had executed a home equity note and the Thompsons had each executed a security interest in the property. Thereafter, the note and deed of trust were assigned to a securitized trust, of which HSBC is the trustee. Mrs. Thompson made her last payment on June 5, 2009, and she then defaulted on the note. HSBC requested that the trial court enter an order of foreclosure on the property, noting that "there's no personal liability" on the note, which was "non-recourse," and it was not seeking attorney's fees. The trial court admitted into evidence a copy of the note, deed of trust, and assignment. It also admitted the "Affidavit Regarding Non-Payment" of Michael Allen Foley, an

3

HSBC vice president of loan documentation, who testified that the total amount due on the loan was "not less than $224,611.20."

Mrs. Thompson asserted that the limitations period had expired on HSBC's right to foreclose. She argued that because HSBC's claim had accrued on June 20, 2008, the date on which it had first obtained a default judgment against them, and had expired four years later, on June 20, 2012, its lawsuit, which was filed on March 7, 2013, was outside the limitations period. Mr. Thompson testified that on August 5, 2008, after HSBC had obtained permission to foreclose, he and Mrs. Thompson "made [an] agreement" for a "forbearance" with Kathy Demanski, a representative of the servicing company for HSBC, and they "made several payments." However, when they were unable to make the last payment under the agreement, they "fell back into foreclosure."

After hearing the evidence, the trial court entered a judgment of foreclosure in favor of HSBC, ordering that the Thompsons take nothing on their counterclaim.

## Limitations

In their second issue, the Thompsons argue that the trial court erred in entering judgment for HSBC because the statute of limitations has barred its claim.

"A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN.

4

§ 16.035(a) (Vernon 2002). When this four-year period expires, the real-property lien and the power of sale to enforce the lien become void. *Id.* § 16.035(d). If a series of notes or obligations, or a note or obligation payable in installments, is secured by a lien on real property, limitations does not begin to run until the maturity date of the last note, obligation, or installment. *Id.* § 16.035(e); *see Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) ("Section 16.035 modifies the general rule that a claim accrues and limitations begins to run on each installment when it becomes due."). If, as here, a loan secured by real property contains an optional acceleration clause, "the action accrues . . . when the holder actually exercises its option to accelerate." *See Wolf*, 44 S.W.3d at 566. Acceleration requires (1) notice of intent to accelerate and (2) notice of acceleration. *Id.*; *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

Here, the evidence establishes that, under its terms, Mrs. Thompson's note would have matured on September 1, 2034. However, HSBC, on November 22, 2011, sent the Thompsons a notice of default and intent to accelerate. *See Wolf*, 44 S.W.3d at 566. And, on February 12, 2013, HSBC send the Thompsons a notice of acceleration, stating that it had not received payment and therefore had elected to accelerate the maturity of the debt. *See id.* Thus, HSBC's cause of action accrued on February 12, 2013, the date that it accelerated the debt. *See Khan*, 371 S.W.3d

at 353 (noting date of acceleration constitutes date of accrual). HSBC then filed its foreclosure action on March 7, 2013, which was within the four-year-limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(b).

The Thompsons argued at trial that HSBC's cause of action actually accrued on June 20, 2008 because that is the date on which HSBC first obtained a judgment allowing it to foreclose. They asserted that the limitations period had expired four years later, on June 20, 2012. The Thompsons also explained to the trial court, however, that in August 2008 HSBC had agreed to "decelerate" the debt, or abandon acceleration, and had resumed accepting payments. Once a noteholder has accelerated a note, it may abandon its acceleration by agreement or by continuing to accept payments "without exacting any remedies available to it upon declared maturity." *Wolf*, 44 S.W.3d at 566–67; *Khan*, 371 S.W.3d at 353. And abandonment of acceleration restores the contract to its original terms and restores the note's original maturity date. *Khan*, 371 S.W.3d at 353.

In a trial to the court in which no findings of fact or conclusions of law are filed, as here, it is implied that the trial court made all the necessary findings to support its judgment. *See Pharo v. Chambers Cnty.*, 922 S.W.2d 945, 948 (Tex. 1996). Accordingly, we hold that HSBC's claim is not barred by limitations and the trial court did not err in allowing the case to proceed.

We overrule the Thompsons' second issue.

## Evidentiary Issues

In their first and third issues, the Thompsons argue that the trial court erred in admitting into evidence the assignment, because it was not properly endorsed, and Foley's affidavit, because its notarization is "hand written" and "bears no seal."

During trial, the trial court noted that the endorsement of the assignment appeared to contain a blank space regarding the assignee. After HSBC explained that its name is stamped above the "Pay to the Order of" language because it did not fit on the line provided, the trial court indicated that it was "satisfied." HSBC further noted that the Thompsons had not filed a verified denial, challenging the validity of the endorsement. *See* TEX. R. CIV. P. 93.

"A denial of the genuineness of the [e]ndorsement or assignment of a written instrument upon which suit is brought by an [e]ndorsee or assignee and in the absence of such a sworn plea, the [e]ndorsement or assignment thereof shall be held as fully proved." *Id.* Failure to file a verified denial waives a challenge only to the genuineness of an endorsement or assignment which has otherwise been produced; absence of a verified denial does not relieve the plaintiff of the burden to prove the existence of the transfer. *See Alphaville Ventures, Inc. v. First Bank*, 429 S.W.3d 150, 153 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Thus, in the absence of a sworn plea, issues such as execution, authority of the assignor, and

7

genuineness of signatures are waived; however, these issues are dependent upon proof that an endorsement or assignment actually exists.  *Id.*

Here, HSBC presented, and the trial court admitted into evidence, an assignment of the note by WMC Mortgage Corporation to HSBC.  The face of the note bears WMC's endorsement of the note to HSBC.  HSBC's possession of the note, along with the endorsement from WMC, establishes that HSBC is the holder of the note.  *See Calbert v. Assocs. Asset Mgmt., LLC*, No. 01-09-01062-CV, 2010 WL 2305862, at *3 (Tex. App.—Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.).  The Thompsons challenge the execution because the stamped name of HSBC is located above, and not on, the line above the "Pay to the Order of" language. Because the Thompsons did not challenge under oath the validity of the existing endorsement, HSBC was not required to submit proof thereof.  *See id.*; *see also Schultz v. Aetna Bus. Credit, Inc.*, 540 S.W.2d 530, 532 (Tex. Civ. App.—San Antonio 1976, no writ).

Moreover, because the Thompsons affirmatively stated on the record at trial that they had no objections to Foley's affidavit, they waived any issue as to its being admitted into evidence.  *See* TEX. R. APP. P. 33.1.

We overrule the Thompsons' first and third issues.

## Summary Judgment

In their fourth issue, the Thompsons assert that the trial court erred in "granting summary judgment for [a] larger amount the [second] time [for HSBC] and denied [the Thompsons'] motion to challenge with regards to [the trial] court['s] decision came ex parte or de novo." Here, the trial court did not grant a summary judgment. The case was actually tried to the court. And there is nothing in the record before us regarding a denial of a "motion to challenge" by the Thompsons. Because the Thompsons have not presented a cogent argument to support this issue, we hold that they have waived review of the issue. *See* TEX. R. APP. P. 38.1(i).

We overrule the Thompsons' fourth issue.

## Assignment

In their fifth issue, the Thompsons' assert that the trial court erred in "allowing [HSBC] not to show proof of the Note or Release of Lien . . . from WMC to [HSBC]" on August 17, 2004. The record shows, however, that the trial court admitted into evidence a copy of the note and the assignment from WMC to HSBC, dated August 17, 2004. And the Thompsons affirmatively stated on the record that they had no objections to this evidence. Accordingly, we hold that the Thompsons have waived review of the issue. *See* TEX. R. APP. P. 33.1.

We overrule the Thompsons' fifth issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.